RICHARD CRONIN AND OTHERS, RESPONDENTS, v. WILLIAM M. TEBO, APPELLANT.

*Severing an action and granting judgment for an amount admitted to be just —*
*such relief should not be granted where a counter-claim exists.*

The complaint in an action set up two causes of action. The answer denied the first; did not deny the second, and set up a counter-claim sufficient to extinguish both. The plaintiffs replied denying the counter-claim.

The court, upon the authority of section 511 of the Code of Civil Procedure, severed the action and gave the plaintiffs judgment for the sum claimed in the second cause of action.

*Held*, that such severance was improper.

That the defendant was entitled to establish his counter-claim if he could, thereby extinguishing both the demands of the plaintiffs.

That section 511 should be so construed as to apply only to a case where the answer of the defendant in its entirety admits a part of the plaintiff's claim to be just.

APPEAL by the defendant William M. Tebo from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 8th day of September, 1891, in favor of the plaintiff for $497.25 recovery, with interest and costs, with notice of an intention to bring up for review upon such appeal an order, entered in said clerk's office on the 19th day of June, 1891, severing this action and ordering judgment in favor of the plaintiffs for the above amount, with interest and costs.

*Josiah T. Marean,* for the appellant.

*James C. Church,* for the respondents.

DYKMAN, J.:

The complaint in this action set up two causes of action. The answer denied the first cause of action, and set up a counter-claim sufficient to defeat both causes of action, as we understand the pleadings; but the complaint is quite indefinite as to the amount claimed under the first cause of action.

The plaintiffs served a reply denying the counter-claim, and then moved the court at Special Term for an order severing the action, and permitting the plaintiffs to enter judgment for the sum claimed in the second cause of action, which was not denied, and continue the action as if it had been brought originally for the remainder of the claim. That motion was granted and the judgment was entered accordingly, and the defendant has appealed from the judgment and from the order.

The motion was made and granted under section 511 of the Code of Civil Procedure, which is as follows, so far as it affects this appeal: "Where the answer of the defendant expressly, or by not denying, admits a part of the plaintiff's claim to be just, the court, upon the plaintiff's motion, may, in its discretion, order that the action be severed; that a judgment be entered for the plaintiff for the part so admitted, and if the plaintiff so elects, that the action be continued with like effect, as to the subsequent proceedings, as if it had been originally brought for the remainder of the claim."

It will be seen that the language of the statute is very guarded. "Where the answer of the defendant expressly or by not denying, admits a part of the plaintiff's claim to be just, the court * * * may in its discretion order that the action be severed."

The section should be construed so as to apply only to a case where the answer of the defendant, taken in its entirety, admits that a part of the plaintiff's claim is just and should be enforced and collected without waiting the result of litigation. This view is strengthened by the discretion which is vested in the court. The language is: "The court * * * may in its discretion, order that the action be severed."

Such discretion was given to enable the court to examine the whole answer and see whether, on a broad view of all its allegations and all the defenses it set up, it admitted any part of the plaintiff's claim to be just, and such as should be summarily enforced.

In this case the answer sets up a counter-claim sufficient to extinguish the entire claim of the plaintiffs contained in both causes of action specified, and that claim is certainly incompatible with an admission that the plaintiffs have a just claim against him. Contrariwise it is quite the reverse. It is equivalent to a declaration that he owes the plaintiffs nothing; that the plaintiffs have no just claim which should be enforced against him, because he has a counter-claim which will extinguish all the demands set up in the complaint.

If this section is to receive the construction, for which the respondents contend, it may operate very unjustly. An insolvent plaintiff may obtain and collect a judgment for a portion of his demand, and if the defendant establishes his counter-claim and obtains a judgment he would be unable to collect the same from the plaintiff by reason of his insolvency. It is inconceivable that the legislature ever intended such a result, and we cannot permit a construction which will sanction such a consequence

Justice to this defendant demands for him an opportunity to establish his counter-claim and thus extinguish the demands of the plaintiffs, instead of paying the judgment for the portion of the uncontroverted claim and abiding his chances of collecting the judgment he may obtain against the plaintiffs. Even the circuity of such practice is sufficient to induce the court to hold all the claims set up in the pleadings to abide the result of a trial and final judgment.

The judgment and order appealed from should both be reversed, with costs of reversal of the judgment, but no costs for the order, and the motion should be denied, with ten dollars costs.

BARNARD, P. J., concurred.

Judgment and order severing action reversed, with costs of reversal of judgment, and without costs for the order, and motion denied, with ten dollars costs.