VACUUM CLEANER CO. v. BROADWAY–CORTLANDT CO. et al.

(Supreme Court, Appellate Term.   December 11, 1911.)

ACTION (§ 60*)—SEVERANCE.

Plaintiff, for a first cause of action, alleged a contract between the parties under which plaintiff agreed to install a vacuum cleaner system, and in the second and third causes of action prayed for labor and materials furnished. Defendant denied performance of the contract alleged in the first cause of action, and pleaded as a complete defense to all the causes of action that plaintiff had failed to comply with the terms of the contract, but had substituted a plant of less value than that contracted for, and not capable of doing the work specified in the contract, and that the plant installed did not exceed $5,000 in value, which amount had been paid. *Held*, that such alleged separate defense constituted no defense to the second and third causes of action, and hence plaintiff was entitled to judgment on them, and to a severance as to the first cause of action, as provided by Code Civ. Proc. § 511.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–707; Dec. Dig. § 60.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by the Vacuum Cleaner Company against the Broadway-Cortlandt Company and another. From an order of the City Court of the City of New York, denying plaintiff's motion for judgment for the amount demanded in the second and third causes of action of the complaint and for severance, plaintiff appeals. Reversed, and motion granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

William F. Clare, for appellant.

Edward F. Clark, for respondents.

SEABURY, J. The complaint alleges three causes of action. The first cause of action alleged is based upon a written contract between the parties under which the plaintiff agreed to install a vacuum cleaner system. The second and third causes of action are for labor and materials furnished. The answers of the defendants deny performance of the contract alleged in the first cause of action. The answers also plead as a complete defense to the causes of action set forth in the complaint that the Hedden Construction Company, as agent for defendant, entered into a contract with the plaintiff for the performance of certain work, etc., that the system installed by the plaintiff did not comply with the terms of said contract, and that plaintiff failed to complete the terms of said contract, but substituted a plant or system of less value, and not capable of doing the work required to be done by the plant specified in the said contract, and that the plant or system installed by the plaintiff did not exceed the sum of $5,000 in value, which said sum has been duly paid to the plaintiff.

The answer does not deny any of the allegations contained in the second and third causes of action as alleged in the complaint, and the matters alleged in the answers as a "separate and complete defense thereto" constitute no defense in law to the second and third causes of action alleged in the complaint. These two last-mentioned causes of action stand admitted before the court. It follows that the learned court below should, under section 511 of the Code of Civil Procedure, have ordered that the action be severed, and that the plaintiff have judgment for the sums demanded in the second and third causes of action, and that the action be continued with like effect as if it had been originally brought upon the first cause of action alleged.

The learned court below denied the plaintiff's motion upon the supposed authority of Cronin v. Tebo, 63 Hun, 190, 17 N. Y. Supp. 650. That case is not, however, in point upon the question presented for determination. In that case the complaint set up two causes of action, and the answer denied only the first cause of action, but set up a counterclaim sufficient to extinguish both causes of action alleged, and it was held that under such circumstances a severance of the action was improper. In the case at bar there is no counterclaim pleaded, and the alleged defense constituted no defense to the second and third causes of action alleged.

The order appealed from is reversed, with $10 costs and disbursements, and the motion is granted, with $10 costs; and it is ordered

that the action be severed, and that the plaintiff have judgment for the sum demanded in the second and third causes of action alleged in the complaint, and that the action be continued with like effect as if it had been originally brought upon the first cause of action alleged in the complaint.  All concur.