(89 Misc. Rep. 535)

### HOWARD v. BROWN.

(Supreme Court, Special Term, Warren County. March, 1915.)

1. PLEADING ☞239—COMPLAINT—MOTION TO AMEND.

A motion to amend a complaint, to supply an omission which was evidently an oversight, may be granted without terms.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. ☞239.]

2. PLEADING ☞343—JUDGMENT ON PLEADING—DENIAL OF MOTION—COUNTERCLAIM.

Where a complaint alleges a cause of action for goods sold and delivered, and also one on an account stated setting forth the same item and alleging that on a certain date plaintiff delivered to defendant by mail a notice and written statement of the items, and that defendant received and retained same and the account without objection, and where the answer denies any knowledge sufficient to form a belief as to the allegations in the complaint, and counterclaims for a larger sum than the complaint demands, plaintiff's motion for judgment, under Code Civ. Proc. § 547, on the first cause of action, must be denied, since the counterclaim must be tried before judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. ☞343.]

Action by Henry A. Howard against Hollis Brown. On motion for leave to amend complaint, and motion for judgment, under Code Civ. Proc. § 547, on first cause of action. Motion for leave to amend granted, and motion for judgment denied.

Edward M. Angell, of Glens Falls, for plaintiff.
Chambers & Finn, of Glens Falls, for defendant.

VAN KIRK, J. This is a motion (1) for leave to amend the complaint as to the second cause of action; and (2) for judgment under section 547 of the Code upon the first cause of action.

[1, 2] Plaintiff's motion to amend is granted without terms. The omission to be supplied in the pleading is evidently an oversight. The motion for judgment is based upon the insufficiency of the denial in the

answer. The first cause of action is stated in two counts: (1) To recover for 65 pounds of butter, 11 bushels of potatoes, and 8 calves sold and delivered to the defendant, and for the use of a roller leased to the defendant; and (2) on a stated account setting forth the same items, alleging that on February 2, 1914, the plaintiff delivered by mail to the defendant a notice and written statement of the items, that he had received and retained the notice and account, and made no objection thereto. The only denial is a denial of "any knowledge or information sufficient to form a belief as to the allegations in the said complaint contained."

"If either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly." Code Civ. Proc. § 547.

The defendant's answer, in addition to the form of denial sets up a counterclaim for a larger amount than is claimed in the complaint. Upon this motion all the pleadings must be considered. Schleissner v. Goldsticker, 135 App. Div. 436, 120 N. Y. Supp. 333. And the allegations of the counterclaim are deemed to be true. Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890. So that, if the plaintiff be entitled to recover on the first cause of action, still the defendant would be entitled to judgment. Code Civ. Proc. § 503. To allow plaintiff judgment on the first cause of action would be a severance of the action. Section 547 of the Code was not intended as a means of severance, which is provided for in section 511. But severance under the latter section may not be had when there is a counterclaim. Cronin v. Tebo, 63 Hun, 190, 17 N. Y. Supp. 650. The procedure under section 547 is analogous to a motion at the opening of the trial. Schleissner v. Goldsticker, supra. If this were a motion at the opening of a trial on the same pleadings, and the denial was held insufficient, the court could not direct judgment for the plaintiff "on the pleadings." The counterclaim must be tried before judgment is directed.

The defendant insists that the said form of denial is sufficient and has not asked leave to amend. It seems to me very doubtful if the denial is sufficient. The defendant must know something about the alleged account stated. Certainly he must be able to admit or deny that he received the statement of account a year ago, and, if he received it, that he disputed it in whole or in part. It seems also quite impossible that he does not know of, or cannot readily secure information as to, the sale of the articles. A verified answer is not intended to be a means of concealing the truth. It is to inform the opposite party and the court what the issue is. If the defendant does know, he cannot deny knowledge or information, and he is not permitted to deny knowledge or information while presumably he has it, or purposely avoid knowledge or information so that he may enter a denial. Dahlstrom v. Gemunder, 198 N. Y. 449, 453, 92 N. E. 106.

Still, since the plaintiff's motion for judgment must be denied, whether or not plaintiff's first cause of action is admitted, this question is not before the court for decision. Plaintiff's motion for judgment therefore is denied, with $10 costs.

Ordered accordingly.