H. KOEHLER & COMPANY, Respondent, *v.* HENRIETTA ADAMS, Appellant.

(Supreme Court, Appellate Term, April, 1911.)

Severance of actions and satisfaction of part of plaintiff's claim — Severance — Effect of counterclaim.

> In an action to recover the amount of a judgment which the defendant had previously recovered against plaintiff and collected but which was afterwards reversed and restitution ordered, where defendant admits the cause of action but interposes a counterclaim growing out of the same transaction, the court cannot order the severance of the action and grant judgment to the plaintiff, leaving the counterclaim to be afterward litigated and staying its prosecution until defendant makes restitution.

> The provision of section 511 of the Code of Civil Procedure is not applicable to a case where defendant admits the claim of plaintiff but sets up a counterclaim greater in amount.

APPEAL by the defendant from an order of the City Court of the city of New York, directing that the above entitled action be severed and that judgment be entered in favor of the plaintiff, and from the judgment entered upon said order.

Henry Kuntz (Abraham P. Wilkes, of counsel), for appellant.

Pratt, Koehler & Russell (Jerome Koehler, of counsel), for respondent.

SEABURY, J. The defendant procured a judgment against the plaintiff for $600. The plaintiff paid the judgment.

Subsequently that judgment was reversed and an order directing repayment of the money collected was duly made. The order was not complied with, and an execution issued upon it was returned wholly unsatisfied. The plaintiff then commenced the present action to recover said sum of $600. The defendant, in her answer, admits the cause of action alleged and pleads a counterclaim growing out of the same transaction and founded on the same written instrument as formed the basis of the two prior actions which the plaintiff had instituted against the defendant. The plaintiff replied to the counterclaim alleged and moved for and obtained an order in this action severing the cause of action, and directing judgment for the plaintiff for the amount claimed, and staying the prosecution of the defendant's counterclaim until the defendant complies with the order of restitution. The present appeal is from that order. As the defendant has admitted the plaintiff's cause of action, we need not consider whether the action was properly brought.

In so far as the order of the court below attempted to sever the action, I think it was wholly unauthorized by law. Certainly no support for the action taken can be derived from section 511 of the Code of Civil Procedure. The application of that section is limited to cases where the pleadings admit " part of plaintiff's claim to be just " and has no relation to a case where the answer pleads a counterclaim for a greater sum than it admits to be due the plaintiff. It is true that the only issue which remains to be litigated is that raised by the plaintiff's reply to the counterclaim. Nor do I think that the plaintiff can be held to have waived any right by replying. A failure to reply would have conceded the defendant's right to judgment upon the counterclaim. Code Civ. Pro., § 515. When the defendant pleaded the counterclaim the only alternative open to the plaintiff was to demur, reply or offer to compromise under section 739 of the Code. By serving a reply the plaintiff selected the proper method of putting the facts alleged in the counterclaim in issue. Fulton County Gas & El. Co. v. Hudson River Tel. Co., 200 N. Y. 287.

Although in view of the admission of the cause of action

set out in the complaint the issue raised by the reply to the counterclaim is the sole subject of litigation, it is, I think, nevertheless true that the counterclaim was properly interposed. I do not think that the defendant should be prohibited from pleading any counterclaim that she may have, when the plaintiff again attacks her by bringing another action. The plaintiff has already stayed another independent action which the defendant has brought against the plaintiff, but is not satisfied to rest upon that stay, but has also instituted the present action. When the plaintiff instituted the present action, it seems to me that it waived the right to object to the defendant's pleading any defenses or counterclaims which she might have. The defendant having availed herself of this right and pleaded a counterclaim, I know of no method prescribed by law under which the plaintiff can recover judgment for the amount due it, without according the defendant an opportunity to prove her counterclaim. While the counterclaim is not a defense, it would, if established, nevertheless serve to defeat the whole claim of the plaintiff. To permit the defendant to prove her counterclaim does not give her the aid of the court in any onward movement in the action. It simply permits her to repel an attack by the assertion of an independent claim which is in excess of the amount of the plaintiff's claim. To concede that the defendant should have obeyed the order of restitution is merely to admit that the plaintiff has a good cause of action against the defendant; but it may well be, as alleged by the defendant, that the plaintiff is indebted to the defendant in excess of the amount due from the defendant to the plaintiff. The law contemplates that such a controversy shall be terminated in one action and to this end permits a defendant to plead as many counterclaims as he may have. We know of no barriers to the interposition of a counterclaim, other than those prescribed by statute. If the counterclaim is of such a nature as the Code authorizes to be pleaded, I think the court is without power to deny the exercise of this right. When the counterclaim is itself legally sufficient, the court has no power to strike it out; and in such a case as this, where the de-

fendant claims an amount in excess of the amount admitted to be due the plaintiff, there is, as we have seen, no power in the court to order that the action be severed and judgment directed for the plaintiff.

In my opinion the judgment and order appealed from should be reversed, with costs, and the motion should be denied, with ten dollars costs.

BIJUR, J., concurs; LEHMAN, J., concurs in result.

Judgment and order reversed.