In the Matter of the Transfer Tax upon the Estate of LUTHER KOUNTZE, Deceased.

Surrogate's Court, New York County, February, 1923.

Transfer tax — trusts — voluntary trust with power in creator to revoke or modify — partial withdrawal of assets from trustees — when no transfer tax due on property passing under trust deeds.

By separate deeds identical in form the decedent herein created trusts for the benefit of each of his four infant grandchildren with direction to pay the income to his children, their parents, until each grandchild became of age, at which time the principal of the trust was to be paid over to it, and certain contingent gifts over were made in the case of death. Upon the execution of the trust deed the grantor delivered to the trustees 2,750 shares of the par value of $100 each of the stock of a coal company which he controlled. In each deed, however, he reserved to himself the power to revoke or modify its terms and also the right to require the surrender upon his order of " all or any part of the trust stock *or trust property.*" The sale of the trust stock during the lifetime of the grantor was forbidden, and he further reserved to himself the absolute right to vote the stock for corporate purposes. About twelve days after the execution of the deed, an extraordinary dividend was declared in the form of stock of certain subsidiary companies, which was delivered to the trustees, and there was also paid an extraordinary dividend, due to the liquidation of the coal company, to each trust in cash the sum of $210,992.50. About three months after the making of the deed the grantor executed a modification in writing of each of said deeds and withdrew all the shares of stock, worth about $300,000, from the trustees; the cash, however, remained in the trust, and about a month thereafter the grantor died. *Held*, that the transfers made by the trust deeds were exempt from a transfer tax.

Surrogate's Court, New York County, February, 1923. [Vol. 120

TRANSFER tax proceeding.

Lafayette. B. Gleason (Edmund C. Alger, of counsel), for State Tax Commission.

Hawkins, Delafield & Longfellow (Lewis L. Delafield, Jr., Wayne Johnson and Joseph F. McCloy, of counsel), for executors and testamentary trustees.

Larkin, Rathbone & Perry (John M. Perry and Orville C. Sanborn, of counsel), for trustees under deeds of trust.

FOLEY, S. Cross-appeals from the order fixing tax have been taken by the state tax commission, the executors and testamentary trustees, and the trustees under the trust deeds executed by the decedent. These appeals all relate to the taxability of the transfers made by four deeds of trust executed on December 12, 1917, by Mr. Kountze to the Union Trust Company (now the Central Union Trust Company) and T. Irving Hadden as trustees. The deeds are identical in form. At that time the grantor had two children, a son and a daughter, each of whom had two children who were infants. Each trust was created for the benefit of one of these grandchildren, with directions to pay the income to its parent (his son or daughter), until the grandchild should reach the age of twenty-one years, when the principal of the trust was to be paid over outright to it. Certain contingent gifts over were made in case of death. The grantor delivered to the trustees at that time for each of the trusts 2,750 shares of the par value of $100 each of the Ohio and Big Sandy Coal Company. By paragraph 4 the grantor reserved to himself the power of revocation or modification of the deed and reserved the right to require the surrender, upon his order, of all or any of the trust property. The sale of the trust stock during the lifetime of the grantor was forbidden, and he reserved to himself the absolute right to vote this stock for corporate purposes. The company was evidently a close corporation with control in Mr. Kountze. About twelve days after the execution of the deeds, an extraordinary dividend was declared in the form of stock of certain subsidiary companies, which was delivered to the trustees. There was also paid an extraordinary dividend, due to the liquidation of the coal company, to each trust in cash the sum of $210,992.50. On March 9, 1918, Mr. Kountze executed a modification in writing of each of the original trust deeds and withdrew all of the shares of stock, worth about $300,000, from the trustees. The cash remained, however, in the trust. About a month after the execution of these papers, on April 17, 1918, the decedent died.

The appraiser held that the transfers were taxable, upon the

MATTER OF LUTHER KOUNTZE. 291

Misc. 289]     Surrogate's Court, New York County, February, 1923.

ground that they took effect in possession and enjoyment at the death of the grantor. Tax Law, § 220, subd. 4. I am constrained, however, to hold that his finding is incorrect, and am of the opinion that the appeals of the executors and trustees must be sustained. No other conclusion can be reached after a careful reading of the decisions in *Matter of Bowers*, 195 App. Div. 548; affd., 231 N. Y. 613; *Matter of Miller*, 204 App. Div. 418; *Matter of Cochrane*, 117 Misc. Rep. 18; affd., 202 App. Div. 751; *Matter of Hendricks*, 163 id. 413. In *Matter of Masury*, 28 App. Div. 580; affd., 159 N. Y. 532, the Court of Appeals had held that a power of revocation reserved in a deed did not make the transfer taxable. Shortly thereafter in *Matter of Bostwick*, 160 N. Y. 489, that court stated that it might have gone too far in the *Masury* case. In the *Bostwick* decision, the transfer under deeds of trust was held taxable upon the theory that not alone was the right of revocation reserved to the grantor, but the deeds contained certain additional and wider powers, which reserved dominion and control by the grantor over the properties transferred, and left the question of " beneficial enjoyment and eventual possession open until his death." The opinion states: " But, if the trust transfers now in question were held to be without the operation of the act, too dangerous a latitude of action would be permitted to persons who desired to evade its provisions by some technical transfer, which would still leave the substantial rights of ownership in the donor." P. 494. If the pendulum swung too far towards exemption in the *Masury* case, it evidently went too far towards taxation in the *Bostwick* case, for the trend is again towards exemption. In the most recent decision upon this subject (*Matter of Miller, supra*), Mr. Justice McAvoy held that where the income is given to persons other than the grantor and the remainder vests upon the death of a person other than the grantor, that the latter's death does not affect the disposition of the estate. His opinion indicates that where the trust property is not repossessed by the act of revocation of the grantor, but is still in the hands of the trustees at the date of his death, the transfer is not taxable. Thus the gift is to be regarded, for purposes of taxation, as absolute from the time of the establishment of the trust. Of course this discussion is limited to trusts of income to persons other than the grantor, for where the deed reserves the income to the grantor the transfer is taxable. *Matter of Keeney*, 194 N. Y. 281; *Matter of Green*, 153 id. 223.

The learned counsel for the state tax commission argues that the trust deeds in the present case reserved vastly more power in the grantor than those in the *Bostwick* case. The reservation of the voting power of the stock, the fact that the stock could not be sold

Surrogate's Court, Bronx County, February, 1923.          [Vol. 120

until the death of the grantor, the right to amend or modify, are evidences of this increased power of control over the subject of the trust which death only terminated. But more than this, the grantor in this case actually exercised these reserved powers, for he withdrew to himself property exceeding in value $300,000 — more than half of the entire value of the trust. The argument has been made by counsel for the trustees that the terms of the deed did not include the right to withdraw the cash principal as well as the stock, but this contention is answered by the plain language of paragraph 4 of the trust deed which permits the withdrawal of " all or any part of the trust stock *or trust property.*" With these facts, if *Matter of Bostwick* was the last expression of the Court of Appeals, there would be but one conclusion, that the gift was " intended to take effect in possession and enjoyment at or after such death " and was, therefore, taxable. The more recent decisions, however, hold otherwise, and the transfers must be held exempt. It should be noted, however, that the legislature, by chapter 430 of the Laws of 1922, in effect April 1, 1922, amended the statute and strengthened its provisions with regard to the taxation of property transferred by trust deeds. The questions raised by the appeal of the state tax commission are academic under this determination and must be denied. Submit order accordingly.

Ordered accordingly.