certain trustees of a bankrupt corporation, and to thereafter aid in procuring the appointment of the defendant as attorney for the said trustees and to assist the said defendant in the event of his appointment as attorney for the said trustees in all matters of litigation which he might be called upon to do by the said defendant, and said defendant agreed with plaintiff herein that in the event of such appointment as aforesaid, as attorney for the said trustees, that he would pay to the plaintiff herein one-third of any and all fees and allowances that might be awarded to and received by him for his services as attorney for said trustees; that plaintiff carried out his part of the agreement; that defendant received $50,000 for his services as attorney for the trustees; that the plaintiff is entitled to the sum of $16,666.66 and prays for judgment in said amount. The court granted the motion for judgment upon the theory that the contract alleged in the complaint was against public policy and, therefore, void.

*John J. Fitzgerald* and *Herbert G. McLear* for appellant.
*Harrington Putnam* and *J. Hunter Lack* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Transfer Tax upon the Estate of
ANDREW CARNEGIE, Deceased.

STATE TAX COMMISSION, Appellant and Respondent;
HOME TRUST COMPANY, as Executor, et al., Respondents and Appellants.

*Transfer tax — trust created by deed inter vivos — method of computing legacies to charitable corporations — real estate owned by decedent and wife as tenants by entirety — federal estate tax not deductible.*

*Matter of Carnegie,* 203 App. Div. 91, affirmed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1922, modifying and affirming as modified an order of the New York County Surrogate's Court which

assessed a transfer tax upon the estate of Andrew Carnegie, deceased. The appeal of the state tax commission was based upon three grounds: The exclusion by the courts below from the taxable estate of certain interest in a trust fund created by the decedent by deed *inter vivos*, the trust being known as the pension trust. The method approved by the courts below for computing the legacies to charitable corporations, and the exclusion by the courts below from the taxable property of certain real estate owned by the decedent and his wife as tenants by the entirety. The appeal of the executor and Louise W. Carnegie was based upon the refusal of the courts below to deduct the federal estate tax paid by the executor.

*John B. Gleason* and *Lafayette B. Gleason* for State Tax Commission, appellant and respondent.

*Elihu Root, Jr., Robert P. Patterson* and *Wilkie Bushby* for executor et al., respondents and appellants.

Order affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ. Dissenting: CARDOZO and McLAUGHLIN, JJ., from so much of order as denies deduction of federal tax before imposition of state tax.

---

In the Matter of the Transfer Tax upon the Estate of LENA McMULLEN, Deceased.

STATE TAX COMMISSION, Appellant; BANKERS TRUST COMPANY et al., as Executors, Respondents.

*Transfer tax — stock of foreign corporation owning real property within this state belonging to resident of foreign state but physically within this state at death of owner — no transfer of property within this state.*

*Matter of McMullen,* 199 App. Div. 393, affirmed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1922, which reversed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Lena McMullen, deceased. Decedent died a resident of the state of Connecticut, leaving a will