WILLIAM H. GIBSON, Respondent, *v.* STANDARD AUTOMOBILE MUTUAL CASUALTY COMPANY OF NEW YORK, Appellant.

First Department, February 8, 1924.

Judgments — summary judgment — upon motion for summary judgment court must either grant or deny motion without conditions — order granting motion unless defendant give bond reversed — order granting motion after defendant's failure to file bond and judgment entered thereon reversed.

A motion for summary judgment is addressed to the pleadings and must be either granted or denied without conditions; hence, an order granting the plaintiff's motion for summary judgment unless the defendant should give a bond of a surety company conditioned to pay any judgment ultimately recovered in the action must be reversed, and an order granting said motion after the failure of the defendant to give the bond and a judgment entered pursuant to such order must also be reversed.

APPEAL by the defendant, Standard Automobile Mutual Casualty Company of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 20th day of February, 1923, granting plaintiff's motion for an order striking out the answer of the defendant and for summary judgment in plaintiff's favor, unless the defendant should give a surety company bond in the sum of $7,500 to pay any judgment ultimately recovered in the action, and from an order entered in said clerk's office on or about the 7th day of March, 1923, granting summary judgment in favor of the plaintiff after failure to give said bond, and also from the judgment entered upon said orders.

*Clarence C. Fowler* of counsel [*Sidney M. Louis* with him on the brief], for the appellant.

*O'Brien, Malevinsky & Driscoll* [*Joseph Walker Magrauth* of counsel; *Arthur F. Driscoll* with him on the brief], for the respondent.

MERRELL, J.:

The action is to recover against the Standard Automobile Mutual Casualty Company of New York under a policy issued by said defendant to one Charles John Cornell, which policy and the benefits therefrom were thereafter, with the knowledge and written consent of the said defendant, transferred to one Basil H. Gunn as the insured. By the terms of the policy the defendant indemnified said Gunn against loss or expense arising or resulting from bodily injuries accidentally suffered or alleged to have been suffered by any person, other than an employee of the insured, by reason of the ownership, maintenance or use of a certain automobile described in said policy, defendant's liability being limited, however, to the sum of $5,000 for each person injured. The complaint contains proper allegations to establish defendant's liability under said policy for injuries inflicted upon the plaintiff by reason of the negligence of said Gunn, the bringing of action by the plaintiff, and the recovery of judgment against said Gunn in the sum of $10,120.93, the return unsatisfied of an execution thereon against said Gunn, and the ultimate liability of the defendant to the plaintiff for the sum of $5,000 under said policy, besides interest and costs.

The answer of the defendant admitted the issuance of the policy alleged in the complaint, the bringing of plaintiff's action against Gunn and recovery of judgment therein, but denied liability of the defendant under the terms of said policy upon the return of execution unsatisfied against said Gunn, and denied knowledge or information sufficient to form a belief that the execution upon said judgment was returned unsatisfied.

Upon the pleadings the plaintiff moved for summary judgment, alleging that the answer of the defendant was sham and that no issues were presented requiring trial by jury. The order of the Special Term first appealed from, after reciting the papers used upon the motion, provided as follows: " Upon the foregoing papers this motion is granted, unless within five days after service of this order, defendant shall give a surety company bond in the sum of $7,500 to pay any judgment ultimately recovered in this action. If such bond is given, the motion will be denied but without prejudice to a renewal after the determination of the pending appeal."

We think said order was erroneous and should be reversed for the reason that the court was without authority to impose the condition specified in said order. Plaintiff's motion was addressed to the pleadings and was for summary judgment upon the ground that the defendant's answer was frivolous and sham and raised no issue. Either the defendant's answer was good or it was bad.

The Special Term was called upon to do one thing or the other, either hold that said answer raised issues which were to be determined by a trial thereof, in which event the court would of necessity have denied the plaintiff's motion; or it might have determined that said answer was sham, and in such event plaintiff's motion for summary judgment should have been granted. In effect, the order appealed from held the answer bad, but that the giving by the defendant of the bond specified in the order would cure its defects, and that if such bond were given, the plaintiff's motion would be denied. We find no authority in the Rules of Civil Practice for the court's action on this motion. The court, in our opinion, was without the power to impose any condition for granting or withholding the order for which the plaintiff applied.

The second order appealed from merely followed the first order and granted summary judgment in plaintiff's favor on proof of defendant's failure to give the bond required by the first order, which we think was a condition which the court was without power to impose. The first order being unauthorized, the second order must fall with it.

The judgment and orders appealed from should be reversed, with costs, and the motion remitted to the Special Term for such action thereon as may be proper.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Judgment and orders reversed, with costs to appellant, and motion remitted to Special Term for such action as may be proper.