## In the Matter of the Estate of EMILY M. SCHELL, Deceased.

Surrogate's Court, New York County, August 9, 1926.

*Butler, Wyckoff & Reid,* for the appellant.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S. This appeal is taken by the executor from the order fixing the transfer tax, on the ground that the value of the property

transferred by a deed of trust has been included in the report of the appraiser and taxed in the order.

The decedent, on March 1, 1922, executed a deed of trust by which she transferred to a trust company securities of the par value of $100,000, to pay over the income to herself for the use and benefit of Eleanor Frances Schell until she should attain the age of twenty-one years, or to decedent's husband, for the same purpose. When Eleanor Frances Schell attained the age of twenty-one years, the income was to be paid to her for her life. The principal of the trust was to be paid to persons who might be designated in the will of the donor, and in the absence of such appointment, or its failure to take effect, to the husband of decedent, and, in case he should not then be living, to the heirs at law of the donor. The trust deed reserved to the donor the right to revoke the instrument within one year from the date of its execution, or to alter or modify it at any time during the continuance of the trust. The decedent died January 5, 1925, without having revoked the instrument or altered it in any way. The gift of the life estate to the husband, for the benefit of the child, and to the child, was absolute, and took effect as of the date of the instrument. It was, therefore, not taxable. (*Matter of Schmidlapp*, 236 N. Y. 278; *Matter of Bowers*, 195 App. Div. 548; affd., 231 N. Y. 613; *Matter of Carnegie*, 203 App. Div. 91; affd., 236 N. Y. 517; *Matter of Kountze*, 120 Misc. 289.)

The amendment to section 220 of the Tax Law by chapter 430 of the Laws of 1922, which imposed a tax where the right to alter or modify a trust deed was reserved to the grantor, took effect April 1, 1922, after the date of the trust deed. It was not and could not legally be made retroactive, and it has not affected the transfer made by the deed of trust here. The appeal as to the taxation of the life estate is, therefore, sustained.

The appeal on the ground that a tax was imposed on the value of the remainder is sustained. The interest in the fund which decedent bequeathed to her husband by her will is precisely the same as that which was granted to him by the trust deed, in default of the exercise of the power. He may, therefore, elect to take under the deed, and not through the gift in the will. (*Matter of Taylor*, 209 App. Div. 299; *Matter of Slosson*, 216 N. Y. 79; *Matter of Ripley*, 192 id. 536.) While no formal election was filed by Mr. Schell, none was necessary. (*Matter of Backhouse*, 110 App. Div. 737; affd., 185 N. Y. 544; *Matter of Chapman*, 133 App. Div. 337.) The husband took a remainder interest, subject to be defeated by his death before the donor. " This vested estate in remainder was also subject to be defeated by the valid and effective exercise of the power of appointment given to her, *provided such power of appoint-*

*ment increased or diminished the estate* which her children took under their grandfather's will, or affected in any degree the value thereof. (*Matter of Lansing,* 182 N. Y. 238.)" (Italics mine.) (*Matter of Chapman,* 133 App. Div. 337, 339.)

Submit order on notice, modifying taxing order in accordance with this decision.