In the Matter of the Estate of M. CHARLES SCHWEINERT, Deceased.

Surrogate's Court, New York County, March 16, 1929.

*Wise, Whitney & Parker*, for the executors.

*Stephen Brooks Rosenthal*, for May Schweinert.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. This is an appeal by the State Tax Commission from the report of the transfer tax appraiser and the order entered thereon upon the ground that the corpus of a trust fund created by the decedent by trust agreements dated March 25, 1921, and March 25, 1923, is taxable. The decedent died on December 30, 1926. On March 25, 1921, by deeds of trust he established two trust funds, one in favor of his wife, May Schweinert, and the other in favor of his daughter, Marjorie. Each of these trusts was modified by separate agreements both dated March 25, 1923. The two original trust deeds and the two agreements modifying them are identical in terms except as to the amounts of the trust funds and I, therefore, assume that it is the contention of the State Tax Commission that each of the funds is taxable. It is necessary to consider the terms of but one original and modifying agreement as whatever applies to one is equally applicable to the other.

The original trust agreement between M. Charles Schweinert and May Schweinert, his wife, provided that the income from the fund established was to be paid to May Schweinert during the natural life of the shortest lived of the parties to the agreement or until the termination of the trust as provided therein. Upon the death of M. Charles Schweinert the principal of the trust fund was to belong absolutely to May Schweinert. The trust agreement further provided that if May Schweinert should predecease her husband, the corpus of the trust fund should be taken, held and owned by M. Charles Schweinert free and clear of any trust or trusts thereunder. M. Charles· Schweinert, the settlor, was named as trustee of the fund and reserved to himself the right to revoke the agreement after March 25, 1923. *On March 25, 1923, by written agreement between the parties, the original trust agreement was modified to the extent of canceling the settlor's power of revocation and of providing that in case the parties to the agreement should die as the result of the same accident it should be considered that May Schweinert predeceased her husband.* Another modification made

by the latter instrument has no bearing upon the point involved in this appeal. The appraiser has not included in the taxable estate of the decedent either the life interest or the remainder in either of the trust funds. The Tax Commission contends that the corpus of each fund is taxable.

Under the deeds of trust, made on March 25, 1921, the settlor gave to his wife and daughter life estates or life interests measured by his life, if that should be shorter, in the respective funds, reserving to himself no part of the income therefrom. These life interests took effect as of the date of the instruments creating them and are clearly not taxable. (*Matter of Miller*, 236 N. Y. 290; *Matter of Schmidlapp*, Id. 278; *Matter of Carnegie*, 203 App. Div. 91; affd., 236 N. Y. 517; *Matter of Kountze*, 120 Misc. 289.)

While it is true that the settlor reserved to himself in the original trust deeds the right to revoke the instruments after March 25, 1923, his reason for thus reserving this right clearly appears from the instruments, both dated March 25, 1923, modifying the original trust deeds. M. Charles Schweinert at the date of the creation of the trusts was president of a corporation, shares of which constituted the corpus of each fund. He desired, should he still be president of the corporation two years later, to be in a position to terminate the trusts. At the end of the two years he was no longer connected with the corporation and the stock in question had been sold. He then, by agreements in writing with his wife and daughter respectively, modified the trust agreements by expressly canceling his right to revoke them. *Mr. Schweinert, therefore, never exercised the power to revoke the instruments and there is nothing in the trust deeds to show that he ever intended to do so.* In *Matter of Carnegie* (203 App. Div. 91; affd., 236 N. Y. 517) the court held that the mere reservation of the power to revoke does not render the transfers taxable, stating that, "It was undoubtedly written in the deed by the attorney as a prudent precaution, and the fact that Mr. Carnegie 'did not make use of it up to the time of his death precludes the presumption that he would have done so at any time,'" citing *Matter of Masury* (28 App. Div. 580; affd., 159 N. Y. 532) and *Matter of Bowers* (195 App. Div. 548, 552; affd., 231 N. Y. 613). To the same effect are *Matter of Schmidlapp* (*supra*) and *Matter of Miller* (*supra*).

Nor do the transfers of these interests become taxable by reason of the amendment to section 220 of the Tax Law by chapter 430 of the Laws of 1922.* This amendment seeks to impose a tax where the right to alter, amend or revoke the instrument remains in the

---

* Since amd. by Laws of 1928, chap. 330.— [REP.

grantor. In *Matter of Schell* (134 Misc. 242) my colleague, Surrogate FOLEY, held that this amendment could not legally be made retroactive so as to affect a transfer made under a deed of trust before the date the amendment took effect. I reached the same conclusion in *Matter of Votichenko* (134 Misc. 241).

Pursuant to the terms of the trust instruments, upon the death of the settlor the corpus of one of the trust funds belongs absolutely to his widow and the corpus of the other to his daughter. But one question remains to be considered and that is " does the possibility of reversion in the case of the death of the *cestui que trust* prior to the death of the settlor render the remainder interest taxable? " I hold that it does not and that the transfers of the remainder interests as well as of the life estates, created under the deeds of trust, are exempt from taxation. Obviously if the corpus of either fund had reverted to the settlor during his lifetime it would have been taxable at his death, if still in his possession. (*Matter of Garcia*, 183 App. Div. 712.) In the instant case, however, there is no longer any possibility of reversion, due to the death of the settlor. This provision was, in all probability, written into the deeds by the settlor as a precaution. His intention, as disclosed by the written instruments, was to give both a life interest and remainder in a trust fund to his wife and a life interest and remainder in another trust fund to his daughter. They were the only ones to whom he wished this property to be transferred. He made no provision for a remainder over to others in the case either one of them should die. There is nothing to show that, by the insertion of the reversionary clause, the testator intended in any way to cut down or limit the outright gifts to his wife and daughter. This power of reversion does not render the transfers taxable. (*Matter of Wing*, 190 N. Y. Supp. 908; *Matter of Kirby*, 133 Misc. 152.) The settlor retained no express right of ownership nor any dominion over the funds in question. After March 25, 1923, by no act of his own could the title to the property become revested in him nor could he exercise any control over the funds. Both the life estates and the remainder interests were transferred as of the date of the original trust deeds and are, therefore, not subject to tax. The appeal is denied.

Submit order, on notice, denying this appeal and affirming the taxing order.