DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Respondent, v. CHARLES W. EGLI and Another, as Copartners Doing Business under the Name and Style of BROADACRES FARM DAIRY, Appellants.

Fourth Department, January 29, 1930.

*Daetsch, Paul & Lesswing* [*Wortley B. Paul* of counsel], for the appellants.

*Seward A. Miller*, for the respondent.

THOMPSON, J. The complaint alleges that plaintiff sold and delivered goods, wares and merchandise, consisting of milk, cream and buttermilk, to defendants, upon which there is a balance due of $19,968.11. The answer admits all of the allegations of the complaint but asserts a counterclaim for breach of contract and damages for the sum of $14,121.37, which tends to diminish plaintiff's demand by that amount (Civ. Prac. Act, § 266), and asks that it be offset against the claim of the plaintiff. Plaintiff's reply to the counterclaim admits that it had negotiations with defendants for the purchase of milk and dairy products and that contracts were made therefor from time to time, otherwise it totally denies its allegations. Defendants moved at Special Term for an order changing the place of trial, whereupon plaintiff moved at Special Term that the answer be stricken out and summary judgment be entered for the full amount demanded in the complaint, or, in the alternative, for the difference between the sum demanded in the complaint and the amount of the counterclaim. Both motions coming on to be heard the Special Term granted plaintiff's motion for judgment for the full amount of its claim, with interest and costs, restrained it from assigning, transferring or otherwise disposing of it, or of the moneys payable thereunder or of its interest therein to the amount of defendants' counterclaim, and directed that execution should not be issued for a period of five days after entry and service of notice of entry upon defendants' attorneys, during which time defendants might file with the court, and serve upon plaintiff's attorney, a surety bond in the amount of the judgment, whereupon all proceedings upon the part of the plaintiff for the collection of the judgment would be stayed until the

trial of the counterclaim. The order also provided that in case defendants paid the judgment or any part of it before trial, plaintiff, after deducting the amount due it over and above the amount claimed by defendants to be owing them on their counterclaim, should deposit the balance in court to the credit of the action. The court also granted defendants' motion to change the place of trial. From so much of this order as grants summary judgment defendants have appealed.

We are told by the respondent that authority for the order may be found in rules 113 and 114 of the Rules of Civil Practice, when construed in the light of the English Practice Rules, whence ours were derived, and of the decisions thereunder. We have examined the English cases, many of which were referred to in *Chelsea Exchange Bank* v. *Munoz* (202 App. Div. 702); *Dwan* v. *Massarene* (199 id. 872) and *Appelbaum* v. *Gross* (117 Misc. 140; affd., 200 App. Div. 914, on opinion below), and have found none which can be claimed as precedent for the order made here. It is true that there are English cases sustaining orders granting leave to defend upon stated conditions. But the power to impose such conditions is apparently given by the express terms of order XIV, rule 6, of the English Rules of the Supreme Court, popularly known in this State as the English Practice Act, which reads as follows: " Leave to defend may be given unconditionally, or subject to such terms as to giving security or · time or mode of trial or otherwise as the Judge may think fit." Moreover, while a counterclaim under our practice may be pleaded as of right, it may, under the English practice as we understand it, be pleaded only as a matter of discretion.

Almost the exact provisions of order XIV, rule 6, were incorporated in rule 306, subdivision 5, of the proposed Civil Practice Rules prepared by the Board of Statutory Consolidation in 1915, but did not appear in the revised report of said Board in 1919, wherein it recommended rules 230–232 to regulate summary judgment. No suggestion or recommendation for summary judgment seems to have been made in the rules recommended by the 1919 Report of the Joint Legislative Committee on the Simplification of Civil Practice. It is perhaps not without significance that the convention which framed our present Rules of Civil Practice did not adopt subdivision 5 but did adopt subdivision 2 of rule 306 as recommended in 1915, which became rule 113, and subdivision 4, which became rule 114.

In arriving at a proper and reasonable construction to be put upon these rules we must also take into consideration the practice as it existed before they were adopted under sections 511 and

547 of the Code of Civil Procedure of which rules 113 and 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act are, in part, the successors. It appears that even under the English practice, where the right to assert a counterclaim is discretionary with the court, it is not permitted to a plaintiff to smother it if genuine and sincere. So in many cases arising under the old Code of Civil Procedure, section 511 (now superseded by Civ. Prac. Act, § 476), we find that such a counterclaim must be counted as a denial (as opposed to an admission) of so much of plaintiff's claim as it will extinguish if it prevails. Thus we find in *Cronin* v. *Tebo* (63 Hun, 190) the following significant language of the court, per DYKMAN, J.: "The section should be construed so as to apply only to a case where the answer of the defendant, taken in its entirety, admits that a part of the plaintiff's claim is just and should be enforced and collected without waiting the result of litigation. This view is strengthened by the discretion which is vested in the court. * * * It [the answer] is equivalent to a declaration that he owes the plaintiffs nothing; that the plaintiffs have no just claim which should be enforced against him, because he has a counterclaim which will extinguish all the demands set up in the complaint."

And in the words of Mr. Justice SEABURY (*Koehler & Co.* v. *Adams*, 71 Misc. 436): "While the counterclaim is not a defense, it would, if established, nevertheless serve to defeat the whole claim of the plaintiff. To permit the defendant to prove her counterclaim does not give her the aid of the court in any onward movement in the action. It simply permits her to repel an attack by the assertion of an independent claim which is in excess of the amount of the plaintiff's claim." It is obvious that nothing in our present practice or any of the cases decided thereunder reduces or distinguishes the authority of these decisions.

In this case the defendant's answer is either good or bad. If it is bad, plaintiff is entitled to judgment for the full amount of its claim. If it is good, it is entitled to judgment for the difference between its claim and the amount of defendant's counterclaim. (*Gibson* v. *Standard Automobile Mutual Casualty Co.*, 208 App. Div. 91.) But it should not be permitted to enter judgment for the whole amount of its claim until after the trial of the counterclaim. (*Dietz* v. *Glynne*, 221 App. Div. 329; *Wise* v. *Powell*, 216 id. 618.)

The order should be modified by reducing the amount of plaintiff's recovery to an amount to be arrived at by computing the difference between plaintiff's claim and defendants' counterclaim, with interests and costs, and by striking out so much thereof as

imposes conditions upon or in any way restrains the entry, collection or disposition of said judgment, and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order modified in accordance with the opinion and as modified affirmed, with ten dollars costs and disbursements to the appellants.