THE PEOPLE OF THE STATE OF NEW YORK ex rel. 347 WEST THIRTY-SIXTH STREET CORPORATION and Others, Relators, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.*

Supreme Court, New York County, April 8, 1930.

*Affd., 229 App. Div. 852.

*Drechsler, Orenstein & Leff* [*Max Leff* of counsel], for the relators.

*Arthur J. W. Hilly, Corporation Counsel of the City of New York* [*William H. King* and *Isaac Phillips, Assistants Corporation Counsel,* of counsel], for the respondents.

BIJUR, J. These are applications concerning certiorari orders directed to reviewing the action of the board of taxes and assessments in assessing for taxation for the year 1929 buildings owned by the relators, the construction of which was begun after October 1, 1927. They were not ready for occupancy on October 1, 1928, but were occupied or partly occupied December 15, 1928. Relators attack the action of the board on the ground that the latter's construction and application of section 889-a of the Greater New York Charter would render that provision unfair and unconstitutional as being (1) retroactive in operation, (2) impairing the obligation of a contract, (3) a taking of property without due process of law. This section of the charter was added by Laws of 1913, chapter 324, which became a law on April eighteenth of that year, to take effect immediately. It reads: " § 889-a. A building in course of construction, commenced since the preceding first day of October and not ready for occupancy, shall not be assessed." It was amended by chapter 688 of the Laws of 1928, passed as an " emergency " measure on March twenty-seventh of that year, adding to the section quoted the words: " Except that this section shall not be construed to prevent the assessment of such a building where it is ready for occupancy or a part thereof is occupied prior to the fifteenth day of December." Section 2 of the amendment reads: " This act shall take effect September first, nineteen hundred and twenty-eight."

Relators argue in the first place that by general rules of construction statutes should be interpreted as prospective rather than retroactive, provided there is any doubt as to their interpretation. I see no doubt in the instant case, and while I do not understand — and it is not satisfactorily explained — why the amendment was made to take effect September 1, 1928, rather than immediately as of the date of passage, I find in that provision no more than a reaffirmance of intention that the act was to be applied during the then current year. It is the law and practice to assess realty (for example) for the year 1929 as of the taxing date October 1, 1928. The provision, therefore, imposing a greater tax upon relators' property than would have been allowable under the statute as unamended became effective before the taxing date. The effect of the amendment is no more retroactive than would be any provision increasing a tax upon property during any current year. The gravamen of relator's complaint is really that the tax is a violation of what may be regarded as a contract between relators and the State.

In this connection two typical cases are cited, namely, *People ex rel. Roosevelt Hospital* v. *Raymond* (194 N. Y. 189), cited by the relator in the companion case of 347 West Thirty-sixth Street Corporation, and *People ex rel. Griffith, Inc.*, v. *Loughman* (249 N. Y. 369), by both relators. Those are cases, however, which concern respectively a *charter* granted by the State after negotiations which indicated plainly that mutual offers of State and institution respectively were accepted, thus establishing a contractual relation; and a *license* issued to a foreign corporation under the then existing state of the law which was held in substance thus to establish a similar relation. They were, therefore, treated as exceptions to the general rule that tax statutes are to be viewed as " mere acts of ordinary legislation subject to future amendment or repeal and not as a private contract between the state and the citizens." (See Cooley on Taxation [3d ed.], vol. 1, p. 111; *People* v. *Roper,* 35 N. Y. 629, and the many following cases along the same lines, and in the Federal courts, *Tucker* v. *Ferguson,* 22 Wall. 527; 22 L. Ed. 805, and others to the same effect.) (See, also, *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245.) Another case cited by relators in this connection, *i. e., Hermitage Co.* v. *Goldfogle* (204 App. Div. 710; affd., without opinion, 236 N. Y. 554), involved primarily the question whether Laws of 1920, chapter 949 (permitting local communities to exempt from taxation until 1932 new buildings planned for dwelling purposes exclusively), was a local or a general law. In the opinion of the Appellate Division it is said that in view of the then existing emergency presented by the lack of dwelling accommodations, and in pursuance of the declared policy of the State, the Legislature practically offered to owners of unimproved land a fixed period of tax exemption as an inducement to undertake the erection of such buildings. That statement and others of similar import were, however, evidently made merely by way of illustrating the propriety and reasonableness of classifying new buildings, for purposes of taxation or freedom from taxation, as against then existing structures.

In the applications before me we have a statute that was passed long before any shortage of dwellings, or of other buildings, was imminent, and of course, in the absence of any declared policy of the State in regard thereto. It is couched in language inappropriate to interpretation as either a promise or an offer, and was apparently intended to bestow a bare " gratuity." (*Tucker* v. *Ferguson, supra.*) I find no analogy between the facts in any of the cases cited by relators and those in the present case, or between the principles which govern them. The same is true of

another class cited by relators, represented by *Matter of Pell* (171 N. Y. 48); *Matter of Schell* (134 Misc. 242, 243). There, subsequent tax legislation was held for various reasons not to affect rights which had long since become vested by wills, deeds of trust or other *private* contractual instruments. Relators also refer to *City Bank Farmers' Trust Co.* v. *N. Y. Central R. R. Co.* (253 N. Y. 49), which condemns as unconstitutional an attempt to repeal the exemption from taxation of certain property of decedents, residents of other States, because it revoked " the exemption in respect of *past transactions.*" The very language of the passage quoted indicates the difference between that case and this one. It seems to me that to approve of relators' contentions would be to hold in substance that taxes could never be increased as to any existing property or persons because it is impossible to escape the conclusion that something might or could have been or was done by the taxpayers affected, in reliance upon the previous lower rate.

In 347 West Thirty-sixth Street Corporation the motion of relators to sustain the certiorari order is denied, and the cross-motion of respondent to dismiss the same is granted. In the three other applications the motions of relators for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice are denied. Order signed.