In the Matter of the Estate of ADAM NIMPHIUS, Deceased.

Surrogate's Court, Bronx County, July 11, 1930.

*Salter & Steinkamp*, for the executor.

*Bergman & Neff*, for Christian Schnaufer and others.

*Ernest M. Garbe*, special guardian.

HENDERSON, S. The executor has filed his account of proceedings herein with a petition for the judicial settlement thereof, and asks for a construction of the 2d, 3d and 4th paragraphs of decedent's will, which read as follows:

"*Second.* I direct that the sum of Five hundred ($500) Dollars, be paid to St. Raymond's Roman Catholic Church, for masses for the repose of my soul, and a like sum of Five hundred ($500) Dollars be paid to said Church, for masses for the repose of the soul of my beloved wife, Elizabeth A. Nimphius.

"*Third.* I direct my Executor hereinafter named, to pay to the Woodlawn Cemetery Corporation, the sum of Three thousand ($3000) Dollars, to be held by said Woodlawn Cemetery Corporation, in trust nevertheless to invest the same and keep the same invested and to use the income thereof in the care, preservation and beautification of the Nimphius Plot No. 9484, Section 87 in said Cemetery, situate on Hemlock plot.

"*Fourth.* I direct my Executor hereinafter named to pay to the St. Raymond's Cemetery Corporation, the sum of One thousand ($1000) Dollars, to be held by said St. Raymond's Cemetery Corporation, in trust, to invest the same and keep the same invested, using the income thereof in keeping the burial plot of graves, Nos. 30, 31, 32 and 33, Section 2, Range 4, in good order and beautification perpetually."

These legatees, although duly cited, have not appeared herein. No answer or objections have been filed, and the special guardian reports that there are no errors or omissions in the account. The allegations in the petition and the figures in the account should, therefore, be considered as correct. No other evidence has been submitted. Counsel in their briefs have alluded to mutual wills and the circumstances of the testator when he made his will, but no proof as to such matters is before me.

It appears from the account, and is not controverted, that at

the time of decedent's death on March 6, 1924, the value of his personalty was $1,021.12 and that of his realty was $3,682.27, a total of $4,703.39, and the amount of his debts then was $947.50, leaving a balance at that time of $3,755.89.

As the pecuniary legacies bequeathed in the above-quoted paragraphs amount to $5,000, it becomes necessary to determine whether or not the decedent intended his real estate to be charged with their payment. In the 5th paragraph of his will he gives his wife a life estate in the residue of his estate, "real and personal," and makes no other provision for her. In the following paragraph he directs that "upon the death" of his wife, his executor convert his estate into cash and distribute the same among certain described beneficiaries. After considering the entire will I can find no such intention, and I hold that the legacies mentioned in the 2d, 3d and 4th paragraphs of his will are not charges upon his real estate. The said legacies are to corporations for charitable and religious purposes, and as the decedent left a widow, these legatees of charitable and religious gifts are permitted to take no more than one-half of the balance ascertained by deducting decedent's debts from the value of his estate at the time of his death. (Dec. Est. Law, § 17, as amd. by Laws of 1929, chap. 229; *Matter of Seymour*, 239 N. Y. 259; *Matter of Carnegie*, 203 App. Div. 91; affd., 236 N. Y. 517.) One-half of this balance, as found above, is $1,877.94. But as I have found that their legacies are not payable out of the decedent's real estate, they will be limited to receiving the difference between the value of his personal property at the time of his death, $1,021.12, and the amount of his debts, $947.50. This difference is $73.62, and it will be apportioned among them in accordance with the amount of their respective legacies. As the real estate has been sold, the administration expenses, commissions and such other charges as are usually payable out of a residuary estate, must be paid out of the proceeds of such sale. The widow having died, the balance will be distributed among the legatees described in the 6th paragraph in proportionate abated amounts. The contention in the report of the special guardian as to such distribution is correct. The death of a legatee as referred to in the last sentence of the 6th paragraph means such a death at any time "before a distribution." The language of the testator is clear and permits of no reference to the time of his own death.

Costs to the executor and to the parties whose counsel have submitted briefs, and an allowance to the special guardian, all payable out of the estate. Settle decision and decree accordingly.