CITY OF UTICA, Plaintiff, *v.* COUNTY OF ONEIDA et al.,
Defendants.

CITY OF UTICA, Plaintiff, *v.* COUNTY OF HERKIMER et al.,
Defendants.

CITY OF UTICA, Plaintiff, *v.* JOHN M. LEACH, as Treasurer of the Village of Yorkville, et al., Comprising the Board of Trustees and Board of Assessors of the Village of Yorkville, et al., Defendants.

Supreme Court, Special Term, Oneida County, October 4, 1946.

*Pirnie Pritchard* for County of Oneida and others, defendants.

*Francisco Penberthy* for Board of Assessors of the Town of Deerfield, and others, defendants.

*Leonard W. Burdick* and *Charles T. Severn* for Board of Assessors of Town of New Hartford and others, defendants.

*Frank J. Ryan* for Board of Trustees of School District No. 1, Town of Marcy, defendant.

*Harold M. Hartness* for Board of Assessors of Town of Whitestown, defendant.

*Ernest P. Felt* for Board of Trustees of School District No. 1, Town of New Hartford, defendant.

*Victor Levine* and *Chester J. Winslow* for County of Herkimer and others, defendants.

*James G. Bronner* for Town of Salisbury, defendant.

*Edmond J. Fitzgerald* for John M. Leach, as Treasurer of the Village of Yorkville, and others, defendants.

*Warren Tucker* and *Morgan Bisselle* for Utica Mutual Insurance Company.

*Bartle Gorman* for plaintiff.

CROSS, J. The primary motion made by all defendants asks for judgment on the pleadings dismissing the complaint on the ground that it does not allege facts sufficient to constitute a cause of action. Upon the argument, it was stipulated in open court by all counsel representing all parties that the motion be confined to the complaint alone.

The decision on this motion, which was argued July 8, 1946, was held in abeyance pending the filing of briefs by the various counsel. During that interlude a motion was brought on before the court, September 3, 1946, upon an order to show cause, granted upon the petition of the Utica Mutual Insurance Company and an affidavit of plaintiff's attorney of record, consenting and requesting that said company be brought in as a party plaintiff, suing for itself and all others similarly situated. The intervention of this proposed coplaintiff was opposed by all defendants upon various grounds including, but not limited to the specific points that the motion to dismiss the complaint should be disposed of upon the law points: (1) That there was no contract between the State of New York and the City of Utica granting the city tax exemption either in perpetuity or for a definite period of years as to the property involved, and (2) in any event, the State of New York by a valid statute effective April 13, 1943, had withdrawn that exemption.

Defendants contend, and the court agrees with their contention that the proposed plaintiff will not be bound by a judgment rendered in an action to which it is not a party. Furthermore, the defendants contend that the proposed plaintiff may at the proper time, if it has any cause of action, institute such action against the proper parties — not these defendants.

This procedure, the defendants contend, is the proper one to follow in order that the direct issues before the court in the pending action and on the main motion, may be resolved without confusion, delay and prejudice to the rights and remedies of the defendants.

The fundamental issue on the main motion is one of law involving the constitutionality of the statute, by which defend-

ants claim authority to tax the property of the plaintiff, not the property of the proposed plaintiff. The proposed plaintiff seeks no greater relief than does the present plaintiff, which is to obtain a permanent injunction. The question of law on the main motion is one between municipalities. The proposed plaintiff, in effect, seeks permission for a private corporation to prosecute an action to enjoin one municipality from taxing another municipality. No claim is made that the present plaintiff is not properly guarding its own rights; no claim is made that the city has voluntarily created any lien having a priority to or a parity with the lien of the bonds owned by proposed plaintiff, nor is there any claim that the present plaintiff has breached any covenant it may have made to preserve and protect the security of the bonds and the rights of the bondholders.

In support of defendants' claim that the present application is not timely, they point to the fact that for nearly eight years, during which the right of these defendants to tax plaintiff's property here involved has been in litigation to the Court of Appeals of this State, proposed plaintiff has not sought to intervene — in short defendants claim that proposed plaintiff is neither a proper nor a necessary party to this action.

An examination of the proposed amended complaint discloses that any additional issues sought to be tendered involve the validity, scope and effect of the contractual relations between the proposed plaintiff and the present plaintiff. These contractual relations do not directly concern the defendants and the defendants were not in privity with the proposed plaintiff. The Utica Mutual Insurance Company is holder of revenue bonds issued by the City of Utica, under the provisions of article 14-C of the General Municipal Law of the State of New York, as it was in effect when the bonds were issued October 19, 1938. The company owns bonds having a maturity value of $105,000, which bonds are a part of an entire issue of $7,900,000, sold by the plaintiff to the Reconstruction Finance Corporation, which in turn sold the bonds to Halsey Stuart Company, a private corporation, and were purchased by the proposed plaintiff and others in the open market. The proceeds from the sale of these bonds were used by the City of Utica for the purchase of a water works system. If the revenue from the sale of the water ever appears to be inadequate to pay the interest upon and to retire the bonds as due, a revision of the water rate made mandatory by section 410 of the General Municipal Law, assures payment with a certainty that removes the reasonable possibility of damage to the proposed plaintiff. No present damage to the pro-

posed plaintiff is alleged, and none can reasonably be anticipated. It follows that the interest of the proposed plaintiff in this action is academic, indirect and purely speculative.

The court is constrained to the opinion that to compel these defendants to meet the newly tendered factual issues, which do not concern them in this action, and especially at this late day in the litigation, to determine the right of these defendants to tax that portion of the present plaintiff's property located outside its corporate limits, must be denied, both as a matter of law and as an exercise of discretion.

Taking up the question arising on the main motion, the court is required to determine whether a part of the municipal water supply system owned by the City of Utica, and located outside its corporate limits, is exempt from taxation under the provisions of section 411 of the General Municipal Law (as amd. by L. 1943, ch. 458, eff. April 13, 1943).

Plaintiff seeks judgment declaring null and void assessments and taxes levied by the defendants against such outlying property since the effective date of the 1943 amendment, and further seeks to permanently enjoin defendants from levying any assessment or tax against this property.

The plaintiff, it will be recalled, issued bonds under the provisions of article 14-C of the General Municipal Law of the State of New York, October 19, 1938, at a date when section 411 was in effect providing that " So long as a municipality shall own any undertaking, the property and revenue of such undertaking shall be exempt from taxation."

Section 411 of the General Municipal Law, as amended in 1943 and now in effect, reads: " So long as a municipality shall own any undertaking, the property, within the municipality, and all revenue of such undertaking shall be exempt from taxation."

The Court of Appeals held in *City of Utica* v. *County of Herkimer* (295 N. Y. 610) that the property here involved was exempt from taxation under the law as it existed prior to the 1943 amendment. It was during the progress of this case to the Court of Appeals, that the amendment to section 411 was enacted, under which the defendants made the levies and claim the right to tax the property held exempt by the original statute.

The plaintiff contends that the amended section is unconstitutional, in that it seeks to remove the exemption from taxation provided by article 14-C of the General Municipal Law in effect at the date of the issuance of the bonds and thereby impairs a contract obligation.

In the view of this court, plaintiff's contention is untenable. In the leading case on this question, *Wisconsin & Michigan Ry. Co.* v. *Powers* (191 U. S. 379), Mr. Justice HOLMES writing for the court, clearly stated the rule which applies to the instant case. In that case the statute exempted from taxation for a period of ten years certain railroads thereafter built. Relying on the statute the plaintiff constructed the road. The exemption was repealed within the ten-year period. In an action to restrain the collection of the tax imposed, after the repeal and within the ten years, the complaint was dismissed. Said the court at page 387: " The broad ground in a case like this is that, in view of the subject matter, the legislature is not making promises, but framing a scheme of public revenue and public improvement. In announcing its policy and providing for carrying it out it may open a chance for benefits to those who comply with its conditions, but it does not address them, and therefor, it makes no promise to them. It simply indicates a course of conduct to be pursued, until circumstances or its views of policy change. It would be quite intolerable if parties not expressly addressed were to be allowed to set up a contract on the strength of their interest in and action on the faith of a statute, merely because their interest was obvious and their action likely, on the face of the law. What we have said is enough to show that in our opinion the plaintiff never had a contract  *  *  *."

To the same effect are *Salt Company* v. *East Saginaw* (13 Wall. [U. S.] 373), *Welch* v. *Cook* (97 U. S. 541), *Tucker* v. *Ferguson* (22 Wall. [U. S.] 527), *Tomlinson* v. *Jessup* (15 Wall. [U. S.] 454), *People* v. *Roper* (35 N. Y. 629) and *People ex rel. 347 W. 36th St. Corporation* v. *Goldfogle* (137 Misc. 62, affd. 229 App. Div. 852, affd. 255 N. Y. 571).

Of course, it is elementary that every presumption is against any statutory construction that the Legislature intended to make an irrevocable grant of tax exemption. Consonant with the authorities which constitute a legal constant, there was no contract by which the sovereign power of the State granted the plaintiff, a mere arm of the State, an irrevocable tax exemption. But even if it be argued that there was such a contract, the State could and did abrogate it by the 1943 amendment to the General Municipal Law. (*Trenton* v. *New Jersey,* 262 U. S. 182;

*Worcester* v. *Street Railway Co.,* 196 U. S. 539; *City of Rochester* v. *Rochester Railway Co.,* 182 N. Y. 99; *New Orleans* v. *N. O. Water Works Co.,* 142 U. S. 79; *Williams* v. *Mayor,* 289 U. S. 36; *Seneca County* v. *State,* 47 N. Y. S. 2d 687, affd. 266 App. Div. 815, affd. 292 N. Y. 501.)

The Governor's memorandum (cited in McKinney's Cons. Laws of N. Y., Book 23, General Municipal Law, § 411) in approving the 1943 tax amendment, while not controlling as to legislative intent, indicates that the executive approval by which the legislative will became a law, was made with the intention to subject to taxation by surrounding municipalities that part of the plaintiff's property outside its municipal limits. The amendment is silent as to a legislative intent to put such property of plaintiff in an exempt class and the legislative policy is clear in its application to all municipalities including the plaintiff.

The 1943 amendment harmonizes article 14-C of the General Municipal Law with the declared tax policy of the State which has remained unchanged since 1896. (*City of Rochester* v. *U. F. S. Dist. No. 4 of Livonia,* 255 App. Div. 96, 97, affd. 280 N. Y. 531.)

Motion to dismiss the complaint for failure to state a cause of action is granted and motion for intervention of coplaintiff and for service of amended complaint is denied, with costs.

Arrangement may be made on settlement of order for appropriate stay pending appeal, if advised.