BRONX GARMENT CENTER, INC., Plaintiff, *v.* CITY OF NEW YORK, DEPARTMENT OF FINANCE, BUREAU OF CITY COLLECTIONS, Defendant.

Supreme Court, Special Term, Bronx County, April 11, 1951.

*John P. McGrath, Corporation Counsel (Imre Schwarz, Morris Handel* and *Ira Willison* of counsel), for defendant.

*Harris Jay Griston* for plaintiff.

HAMMER, J. This is an application by the defendant for an order dismissing the complaint and awarding judgment to the defendant under subdivision 5 of rule 106 of the Rules of Civil Practice and a cross application by the plaintiff for an order awarding judgment on the pleadings under rule 112 on the ground that the answer raises no triable issue of law or fact.

Lebanon Hospital owned a plot of ground in The Bronx until June 6, 1947, on which date plaintiff purchased the premises and took title. Pursuant to the provisions of the Tax Law the premises were exempt from taxation when owned by the Lebanon Hospital and when the title remained with it.

There is no question that, under the provisions of section 157 of the New York City Charter, January 25, 1946, was the taxable status date for the taxable year from July 1, 1946, and that January 25, 1947, was the taxable status date for the tax year from July 1, 1947.

On April 5, 1947, the Legislature enacted chapter 648 of the Laws of 1947, which added section 4-a of the Tax Law. It was provided therein that whenever any person, association or group, not entitled to an exemption for taxation, acquires title to or possession of property, which is exempt from taxation, such property shall *immediately* become subject to taxation and shall be taxed pro rata for the unexpired part of the taxable year. By subdivision 2 thereof, it is made clear that, where the tax is paid in two installments in any tax district the proration shall be made for the portion of the first installment which became due and payable and shall become a lien on such property, on such earlier due date, and that the entire second installment shall become due and payable on the latter of such due dates. It further provides that if the transfer of title takes place after the latter of the second installment date the prorata portion of taxes, to which such property is subject, shall become due and payable and become a lien on the property on the date of such transfer of possession.

There is no question of fact involved between the parties. It is the claim of the plaintiff in its action that the statute could not speak of any earlier date than the end of the already fixed taxable status date.

It is the contention of plaintiff that, because the taxable status date is in January of each year in New York City, any assessment placed on any *taxable status date* would be affected by the new Tax Law section above enumerated and that it was not the intention nor did it affect assessments that had already been fixed on taxable status dates which had become set prior to April 25, 1947, and that, therefore, from the time it purchased the property until June 30, 1948, the premises would still be exempt from taxation.

There is no question that heretofore the taxable status date was the effective date to determine whether property was or was not exempt (*Sisters of Poor of St. Francis* v. *Mayor of City of N. Y.,* 51 Hun 355, affd. 112 N. Y. 677). The Legislature had the power by special statute to exempt property for a proper purpose at any time (see *Hunter Coll. Student Social, Clubs Assn.* v. *City of New York,* 63 N. Y. S. 2d 337). In that case it was done by a special statute and this was within the power of the Legislature so to do, and, no distinction can be drawn, as plaintiff urges, nor does it differ that instead of a special statute it was accomplished by a general statute, as was done in the instant case (see *City of Rochester* v. *Rochester Ry.*

*Co.,* 182 N. Y. 99, 117). An exemption statute does not constitute a contract with the owner and is, therefore, subject to modification and repeal (*Maricopa County* v. *Valley Nat. Bank of Phoenix,* 318 U. S. 357, 362; *City of Rochester* v. *Rochester Ry. Co., supra; People ex rel. Iroquois Door Co.* v. *Knapp,* 186 App. Div. 172, affd. 227 N. Y. 592).

Plaintiff does not challenge the constitutionality of this statute. Its only claim is as to its effective date. Regardless of what has heretofore been written as to taxable status date being the effective date, the Legislature was supreme in its function in changing this date and the change in the law can not be read as meaning anything less than that the property, *immediately* upon coming into the hands of an owner not entitled to an exemption under the law, was to be taxed from that day on. It is argued that to so hold the statute would in effect be retroactive. I can not agree with this contention. It is clearly expressed that it was to take effect and be applied in the current year. The effect of the statute was no more retroactive than would be any provision increasing a tax in a current year (see *People ex rel. 347 West 36th St. Corp.* v. *Goldfogel,* 137 Misc. 62, affd. 229 App. Div. 852, affd. 255 N. Y. 571).

With this view of the law and upon the admitted facts, this action to declare the assessment as a cloud on title states no cause of action. Plaintiff's motion must be denied and the motion of the defendant dismissing the complaint is in all respects granted. Settle order.