DOMINIC DELL'OSSO, Assignee of MOUNT HOPE FINISHING COMPANY, Plaintiff, *v.* SILAS K. EVERETT, Defendant.

Supreme Court, Kings Special Term, November, 1922.

**Practice — counterclaim — summary judgment — when counterclaim must arise out of contract or transaction pleaded by complaint.**

Rule 113 of the Rules of Civil Practice applies to counterclaims as well as to defenses.

Under section 266(1) of the Civil Practice Act a counterclaim must arise out of the contract or transaction pleaded by a complaint or connected with the subject of the action.

In an action upon a written instrument dated in 1921 purporting to have been executed by defendant to plaintiff's assignor guaranteeing the payment of certain promissory notes, a counterclaim for damages sustained in 1920 due to imperfect finishing of goods by plaintiff's assignor, is not one arising under section 266(1) of the Civil Practice Act, and plaintiff's motion for summary judgment will be granted with a stay of execution until the trial and determination of the counterclaim, with leave to defendant to amend the same, upon payment of costs.

REHEARING of motion for summary judgment.

*Nash & Gottesman (Howard P. Nash,* of counsel), for plaintiff.

*William H. Kinnear,* for defendant.

LEWIS, J.    This is a reconsideration of a motion for summary judgment.

The action is by plaintiff, as assignee, to recover the sum of $1,499.09, with interest, upon a written guaranty purported to have been executed by the defendant to plaintiff's assignor guaranteeing the payment of three certain promissory notes.

The defendant does not urge that the denials of the material allegations of the complaint are sufficient, but maintains that the counterclaim demands a denial of this application.

Rule 113 of the Rules of Civil Practice, with reference to summary judgments, applies as well to counterclaims as to defenses. *Chelsea Exch. Bank* v. *Munoz,* 202 App. Div. 702; *Rotenbach* v. *Young,* 119 Misc. Rep. 267.

The remaining question, therefore, is as to the sufficiency of the counterclaim.

The defendant does not submit any affidavit in opposition to the motion, but in the memorandum urges that the counterclaim is sufficient as coming within subdivision 1 of section 266 of the Civil Practice Act.

Under that subdivision a counterclaim must arise out of the contract or transaction set forth in the complaint or connected with the subject of the action.

The plaintiff's cause of action is on the guaranty dated April 19, 1921. The counterclaim is for damages sustained in 1920 due to the imperfect finishing of goods by the Mount Hope Finishing Company, plaintiff's assignor. There is no allegation in the counterclaim showing any connection with the notes or the guaranty with the contract out of which the counterclaim arises. The claim is, therefore, not one which arises under the subdivision above mentioned.

Rule 114 of the Rules of Civil Practice is identical with order 14, rule 4, of the English Practice Act.

Under that act it has been held that where the defendant has no defense to plaintiff's claim but sets up a plausible counterclaim, judgment may be granted for the plaintiff with a stay of execution until the trial of the counterclaim.

Judgment, therefore, is granted to the plaintiff for the amount alleged. Execution is stayed until the trial and disposition of the counterclaim. Defendant granted leave within ten days to amend the counterclaim on the payment of the taxable costs to date.

Judgment accordingly.