HENRY M. DIETZ, Respondent, *v.* MICHAEL GLYNNE, Appellant.

Second Department, July 1, 1927.

Judgments — summary judgment — error to strike out answer and grant summary judgment, though answer raises no issue, where valid counterclaims are pleaded — judgment cannot be entered on complaint and trial had on counterclaim — only one judgment can be had.

This is an action to recover unpaid rent, in which the answer raises no issue on the complaint but pleads several counterclaims. Since the counterclaims raise triable issues, it was error to strike out the answer, and to direct that a judgment be entered in favor of the plaintiff on the complaint, and that execution be stayed until the issues in the counterclaims be tried. The defendant cannot try the counterclaims if the answer is stricken out, and one judgment only can be entered in the action. Accordingly, the order striking out the answer is reversed and the plaintiff's motion for summary judgment denied.

APPEAL by the defendant, Michael Glynne, from an order of the Supreme Court, made at the Queens Trial Term and entered in the office of the clerk of the county of Queens on the 27th day of May, 1927, granting plaintiff's motion to strike out defendant's answer, and for summary judgment.

*Abraham Benedict,* for the appellant.

*Frederick W. Ritter* [*Stephen S. Bernstein* with him on the brief], for the respondent.

KELLY, P. J. The complaint states a cause of action for unpaid rent of an apartment in Long Island City from January 1, 1922, to September 30, 1923, a period of twenty-one months, at an agreed rental of $75 per month. Judgment is demanded for $1,575, with interest.

The defendant interposed an answer in which he denied the allegation that the rent was unpaid although duly demanded, and in addition pleaded new matter constituting three separate counterclaims (Civ. Prac. Act, § 261), demanding judgment against the plaintiff on said counterclaims for $1,696.

The plaintiff replied to the counterclaims with a general denial.

The action thus being at issue, the plaintiff, on May 13, 1927, gave notice of a motion for an order striking out the answer and for summary judgment in his favor under rules 113 and 114 of the Rules of Civil Practice.

The grounds of the motion are stated in the moving affidavit of plaintiff to be that the cause of action for rent is not denied in the answer. The plaintiff also alleged in his moving affidavit that there was no basis on the facts for the counterclaims contained in the answer, the defendant insisting in an affidavit in opposition

to the motion that the counterclaims were just and true, and going into the details of the facts in support of his contention.

The learned justice at Trial Term said in his memorandum filed: " It is conceded no issue exists with reference to the complaint. Although plausible counterclaims are pleaded upon which a trial must be had, nevertheless plaintiff may have judgment on his claim, with execution thereon stayed until the trial of the counterclaims. (*Dell' Osso* v. *Everett,* 119 Misc. 502.) "

The order entered upon this decision, possibly through inadvertence, strikes out the answer of the defendant, although the learned trial justice had granted no such relief in the decision referred to, holding, on the contrary, that the counterclaims which are part of the answer must be tried. The order further provides that judgment be entered in favor of the plaintiff for the amount demanded in the complaint, with interest and costs, but it also provides " that execution thereon be stayed until the. trial of the counterclaims set up in defendant's answer and a judgment entered thereon."

Of course, the defendant cannot try his counterclaims if the answer containing the counterclaims has been stricken out, nor is the plaintiff entitled to judgment until the issues raised by the counterclaims are disposed of. The counterclaims demanded judgment against the plaintiff for an amount in excess of plaintiff's claims set forth in the complaint.

There can be but one judgment in this action. It is not a case where severance may be granted under Civil Practice Act, section 96, without prejudice to a substantial right. The counterclaims pleaded not only tend to diminish but to defeat the plaintiff's recovery (Civ. Prac. Act, § 266), because if allowed they exceed the plaintiff's demand.

While we agree with the learned justice at Trial Term that no issue is presented by the answer as to the plaintiff's cause of action for rent, there is no warrant for striking out the answer containing the counterclaims which the Trial Term decides must be tried, nor should the plaintiff enter a judgment until after the trial of the action at which the validity of the counterclaims is determined.

The order should be reversed upon the law, with ten dollars costs and disbursements, and plaintiff's motion for summary judgment denied, with ten dollars costs.

YOUNG, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Order reversed upon the law, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs.