Aron Steuer, J.
Defendant appeals from two orders of the Municipal Court, one denying his motion for summary judgment on his counterclaim and an order again denying the application after reargument.
*973 The action is by a landlord against a tenant of a furnished apartment. The complaint sets out a claim for damage to the furniture. The counterclaim is for rent collected in excess of that allowed by the emergency rent laws. The court below denied defendant’s motions for summary judgment on the ground that as plaintiff’s claim exceeded the amount of the counterclaim it would be bad practice to grant the motion.
It is true that as regards motions of this character based on complaints there are holdings which support the position taken by the learned court below (Plaut v. Plaut, 255 App. Div. 375; Moser v. Fieland, 5 Misc 2d 937), that is, they hold that the presence of a counterclaim in excess of plaintiff’s claim makes it inadvisable to grant plaintiff’s motion. It is also true that when rule 113 of the Rules of Civil Practice was amended in 1933 nothing in the amendment indicated any distinction between the procedures to be followed on complaints and those to be used in regard to counterclaims. And, in fact, the decisions cited postdate the amendment.
There is no reported case involving a motion on a counterclaim in this situation. However, it must have been apparent to the Legislature that in every case where the application was made by a defendant the motion would not dispose of the entire case unless it also provided for dismissing the complaint. Judge Bernard L. Shientag in his book on summary judgment dealt with the problem. His conclusion as to the proper handling of such cases is that when the complaint and the counterclaim deal with separate and distinct transactions, as here, the application should be entertained on the merits and, if advisable, entry of judgment can be deferred until after plaintiff’s claim has been adjudicated. (Shientag, Summary Judgment, p. 17 et seq.) Conditions today make this procedure even more practicable than when the author reached his conclusion. We have recognized the advisability of disposing of as many issues before trial as possible.
Turning now to the merits of the application, it is undisputed that rent in excess of the statutory emergency rent was collected and the amount is not in dispute. Plaintiff has advanced two grounds why this amount is not recoverable. The first is the Statute of Limitations.
The lease period was June 1, 1955 to June 30, 1957. The counterclaim was asserted February 7, 1958. Up to June, 1957 the Statute of Limitations for collections of excessive rent was one year. It was then changed to two years (L. 1957, ch. 755). It is plaintiff’s contention that the entire claim is barred because the rent was all paid during the period that the one-year statute *974 was in effect, and more than a year elapsed between the last payment and suit. This contention was refuted in Denkensohn v. Ridgway Apts. (13 Misc 2d 389) wherein it was held that claims barred by the running of the statute at the time of the amendment were not revived but that on all claims not so barred the statutory period became two years. In accordance with that the rent from July 1,1956 is not barred and defendant concedes that its recovery is limited to the excess thereafter.
Plaintiff’s second point is that the emergency rent was fixed for an unfurnished apartment and the letting to plaintiff was on a furnished basis. It is however conceded that no application was made to the Rent Administrator for a new rental as a furnished apartment. While the statute makes provision for changed accommodations, furnishing is not such a change. (State Rent and Eviction Regulations, § 21; Laveist v. Roberts, 127 N. Y. S. 2d 1.) Undoubtedly the Rent Administrator could and probably would have increased the rent had application been made to him. But until such application is made and a new rental fixed the rent legally collectible remains the same. The defense confuses the power of the Administrator and the court and is of no avail. There are two other defenses pleaded but they rent on the premise that the court can obviate the fixing of a new rental and hence are of no validity.
The orders should be consequently reversed and the motion granted as indicated with the provision that entry of judgment be stayed until the determination of plaintiff’s claim, with $10 costs to appellant.
Aurelio and Tilzer, JJ., concur.
Orders reversed, etc.