Per Curiam.

We agree with the courts below that defendant’s claim that plaintiff has assumed and breached general distributorship obligations to the defendant raises no triable issue, and that that part of the first defense and counterclaim set forth in defendant’s answer was properly struck with leave to defendant to replead claims arising out of alleged “ service and repairing” obligations (Rules Civ. Prae., rule 113, subd. 5). Moreover, the Special Term correctly dismissed the first defense and counterclaim as being defectively pleaded since no facts are set forth specifying the extent and nature of the alleged “ service and repairing ’ ’ obligations, and how they were breached.
However, the Appellate Division allowed counterclaims to remain or to be repleaded for at least $50,000 while the complaint demanded judgment for only $7,507.65 and awarded summary judgment to the plaintiff in the sum of $6,783,19. This violates the well-established rule that it is improper to award summary judgment while there exists a meritorious counterclaim for an *877 amount equal to or greater than that demanded in the complaint (Treacy v. Melrose Paper Stock Co., 269 N. Y. 155; Hellmuth v. Brandin, 3 A D 2d 997; Dietz v. Glynne, 221 App. Div. 329; see, also, Spruce Hill Homes v. Brieant, 288 N. Y. 309). This rule applies to this case even though defendant has not disputed the sale, delivery and price of the goods as alleged in the complaint. “ The counterclaims pleaded not only tend to diminish but to defeat the plaintiff’s recovery (Civ. Prac. Act, § 266), because if allowed they exceed the plaintiff’s demand. ’ ’ (Dietz v. Glynne, supra, p. 330.)
The judgment appealed from, insofar as it awards summary judgment for $6,783.19, should be reversed, without costs, and the motion denied to that extent. The order, insofar as it affirms the order of Special Term dismissing the first defense and counterclaim with leave to replead but limiting it to any “service and repairing” claim, should be affirmed, and the question certified answered in the affirmative.
Chief .Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment insofar as it awards summary judgment reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Order, insofar as it affirms the order of Special Term dismissing the first defense and counterclaim with leave to replead but limiting it to any “ service and repairing ” claim, affirmed, without costs. Question certified answered in the affirmative.