■ NOPCO CHEMICAL COMPANY, Appellant, v. NATHAN MILNER et al., Copartners Doing Business as EAST NEW YORK PRODUCTS Co., Respondents.— In an action to recover the sum of $12,674.57 as the balance alleged to be due for goods sold and delivered, in which defendants asserted a counterclaim for $300,000 based on plaintiff's alleged breach of contract, plaintiff appeals from an order of the Supreme Court, Kings County, dated July 18, 1960, denying its motion for summary judgment and to strike out defendants' answer, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, without costs, and plaintiff's motion for summary judgment granted as to its cause of action and as demanded in its complaint, subject to the following conditions: (1) that plaintiff's cause of action as to which summary judgment is granted, be severed from the cause of action pleaded as a counterclaim by defendants in their answer; (2) that the issues raised by the counterclaim and the reply thereto be determined as though they had arisen in a separate action upon a complaint and answer; and (3) that the entry of the summary judgment in favor of plaintiff on its cause of action be held in abeyance pending the determination of the counterclaim. Plaintiff's cause of action has been established by admissions in defendants' answer and in the affidavit submitted by defendants in opposition to plaintiff's motion for summary judgment. Defendants have not submitted any proof of facts which would entitle them to defend against plaintiff's claim. Nor have defendants submitted any proof in support of the allegations contained in their counterclaim. The mere assertion of the counterclaim, unsupported by proof that it is meritorious, does not bar relief to plaintiff under rule 113 of the Rules of Civil Practice (cf. *Smith* v. *Cranleigh, Inc.*, 224 App. Div. 376). In order to defeat plaintiff's motion, it was necessary for defendants, who had conceded the validity of plaintiff's claim to assemble and reveal their proof in support of their counterclaim (cf. *Dodwell & Co.* v. *Silverman*, 234 App. Div. 362). On the other hand the proof submitted by plaintiff was insufficient to establish that the counterclaim was without merit. Under the circumstances, plaintiff was entitled to judgment as demanded in its complaint, but was not entitled to a dismissal of the counterclaim. Consequently, entry of plaintiff's judgment should be held in abeyance pending the determination of the issues raised by the counterclaim and reply (see Rules Civ. Prac., rule 113, subd. 5; cf. *Johnson* v. *Peters*, 22 Misc 2d 972). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ SYLVIA PEARL et al., Appellants, v. JAMES CAGLE, Respondent.— In an action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County, dated September 29, 1960, denying a preference in a trial under rule 9 of the Queens County Supreme Court Rules. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.