Chables Mabgett, J.
In an action to foreclose a purchase-money mortgage, the plaintiff moves for summary judgment.
The action was commenced by service of a summons and complaint on January 7, 1961. Issue was joined on January 27, 1961 by service of an answer which pleaded a general denial together with an affirmative defense and a counterclaim. By an order of this court dated February 27, 1961, the affirmative defense was stricken as insufficient in law and the counterclaim dismissed on the ground that another action was pending. On March 13, 1961 an order of this court granted the joint trial of the action herein and the afore-mentioned pending action.
It appears that the plaintiff, as seller, sold to the defendants, as buyers, a one-family dwelling and the defendants, as part of the purchase price, executed and delivered a note and mortgage on the said premises for $6,475.37. When the first installment became due on November 1, 1960, it was not paid. After the end of the period of grace on November 21, 1960, the seller, through her attorney, demanded payment of the mortgage. The buyers, by their attorney, in a letter dated November 25, 1960, refused to pay the mortgage ‘ ‘ In the light of the action now pending against your client ”. The buyers had instituted an action on November 18, 1960 against the seller in the District Court of Nassau alleging that the seller had, by false representations which were reasonably relied upon by the buyers, induced the buyers to purchase the dwelling herein and that because of the seller’s fraud the buyers were damaged in the amount of $2,086.04. This action is the action joined with the one at bar for joint trial.
The plaintiff has set forth in the moving papers the mortgage agreement and has shown that the defendants have defaulted. The defendants, on the other hand, have not denied the default but allege that summary judgment should not be granted inasmuch as such judgment for the plaintiff would “prejudice a substantial right ” of the defendants, to wit, the entry and *554 execution of judgment prior to the determination of defendants’ claim.
The situation presented by this motion for summary judgment in one of the actions set for joint trial may be compared to the situation in which there is a motion for summary judgment in an action where a counterclaim has been interposed. In the case at bar, had the defendants waited until the present action to foreclose the mortgage was instituted before bringing their action for damages for fraud, they could have interposed that cause of action as a counterclaim. As the Appellate Division, Second Department, stated in Merry Realty Co. v. Shamokin & Hollis Real Estate Co. (186 App. Div. 538, 543, revd. on other grounds 230 N. Y. 316): “ the counterclaim based on deceit in the contract for the exchange of property, out of which the mortgage arose, may be pleaded * " 0 under the doctrine of recoupment it may reduce plaintiff’s recovery oil the mortgage ”. (See Sherwood v. Fincke Co., 196 App. Div. 97; see, also, Title Guar. & Trust Co. v. Hicks, 283 App. Div. 723; Rosemblum v. Cohen, 256 App. Div. 855; Fout v. Wolfe, 231 App. Div. 11.) Were the defendants’ cause of action for fraud a counterclaim, it could not defeat plaintiff’s foreclosure action but could diminish the amount remaining unpaid on the mortgage. Such counterclaim, being less than plaintiff’s claim, would not defeat the motion for summary judgment. (Treacy v. Melrose Paper Stock Co., 269 N. Y. 155; Moser v. Fieland, 5 Misc 2d 937.) The court would under those circumstances be warranted in directing the entry of summary judgment to be held in abeyance pending the determination of the counterclaim. (Ivon R. Ford, Inc. v. Sutherland, 142 N. Y. S. 2d 797; see, also, Dairymen’s League Co-op. Assn. v. Egli, 228 App. Div. 164; Dell’Osso v. Everett, 119 Misc. 502; Johnson v. Peters, 22 Misc 2d 972.) The court is of the opinion that the same procedure may be adopted here.
Since the defendants have not in their opposing papers come forward to deny or show proof controverting the validity of the mortgage or that they were in default, plaintiff’s motion for summary judgment of foreclosure is granted. (Kramer v. Harris, 9 A D 2d 282; Harry Winston, Inc. v. Leggett, 116 N. Y. S. 2d 245.) Such judgment shall contain a provision permitting the adjustment of the amount due on the mortgage to the extent of any recovery that the defendants may have on their cause of action for fraud. Since this determination will delay the entry of the foreclosure judgment until the conclusion of the fraud action, either party may move for a trial preference of such action. (Sonnenthal v. Hodes, 11A D 2d 645.)