James J. Conroy, J.
This is a motion by the defendant to open its default on the call of the calendar on October 11, 1961, and to vacate the inquest taken herein on the ground that such default was inadvertent and excusable.
The plaintiff opposes this motion on the ground (1) that no affidavit of merits has been submitted by the defendant, (2) that no valid or legitimate reason has been, set forth explain *937 ing or excusing the default, and (3) that the defendant has no valid defense to this action.
This is an action to recover for merchandise allegedly sold to the defendant. The defendant’s answer, while admitting the material allegations of the complaint, denied that the sum sought to be recovered was due and owing. In addition, three defenses were asserted, the first of which, pleaded also as a counterclaim, sought to recover $250,000 damages; the third defense, likewise pleaded as a counterclaim, sought to recover $50,000 damages predicated upon an alleged breach on the part of the plaintiff of a written distribution agreement and a servicing policy. The plaintiff served an amended reply denying the material allegations of both counterclaims and an affirmative defense.
By separate motions, the plaintiff moved to dismiss the first defense and counterclaim for legal insufficiency and for an order striking out the answer and for summary judgment. On that motion there were submitted affidavits by the president of the defendant corporation in support of the merits of the defenses interposed. Copies of those affidavits have now been submitted in connection ivith the instant motion. The motion for summary judgment was denied at Special Term and the motion was granted dismissing the first defense and counterclaim with leave to replead it with certain limitations.
Upon the defendant’s appeal to the Appellate Division, that part of the order which granted plaintiff’s motion to dismiss the first defense and counterclaim was affirmed, but upon the plaintiff’s cross appeal the Appellate Division modified that part of the order which denied plaintiff’s motion for summary judgment and granted partial summary judgment for $6,783.19, severing the action in other respects (7 A D 2d 863).
Upon appeal to the Court of Appeals, that part of the order which dismissed the first defense and counterclaim was affirmed but that court reversed the granting of partial summary judgment and remitted the matter to Special Term for further proceedings in accordance with its Per Curiam opinion (7 N Y 2d 874, 876-877) which stated in pertinent part: “However, the Appellate Division allowed counterclaims to remain or to be repleaded for at least $50,000 while the complaint demanded judgment for only $7,507.65 and awarded summary judgment to the plaintiff in the sum of $6,783.19. This violates the well-established rule that it is improper to award summary judgment while there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint (Treacy *938 v. Melrosa Paper Stock Co., 269 N. Y. 155; Helluth v. Brandin, 3 A D 2d 997; Dietz v. Glynne, 221 App. Div. 329; see, also, Spruce Hill Homes v. Brieant, 288 N. Y. 309). This rule applies to this case even though defendant has not disputed the sale, delivery and price of the goods as alleged in the complaint. ‘ The counterclaims pleaded not only tend to diminish but to defeat the plaintiff’s recovery (Civ. Prac. Act, § 266), because if allowed they exceed the plaintiff’s demand. ’ (Dietz v. Glynne, supra, p. 330.) ”
In view of the foregoing brief history of this vigorously-contested litigation and the affidavits of the president of the defendant corporation in connection with the motion for summary judgment, copies of which have now been submitted in support of the instant motion, the court is of the opinion that the requirement of an affidavit of merits upon a motion to open a default has been fully complied with. The court is likewise of the opinion that the default that occurred on the call of the Ready Calendar was inadvertent and excusable under the circumstances. There were certain examinations before trial to be held which had been adjourned from time to time and were not completed when the case appeared on the Ready Calendar by reason of which the defendant could conceivably be misled into believing that the action would not be prosecuted until such examinations were concluded. Under all these circumstances, the motion is granted and the cause restored to its position on the calendar.