GRAHAM ASSOCIATES, INCORPORATED,
a Maryland corporation, Appellant,

v.

Bernard J. FELL, Appellee.

No. 3217.

District of Columbia Court of Appeals.

Argued May 6, 1963.

Decided June 19, 1963.

Edwin Jason Dryer, Washington, D. C., for appellant.

Norman H. Heller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Having obtained a judgment in the Circuit Court for Montgomery County, Maryland, against appellant (hereafter called defendant) for $1,700, appellee (hereafter called plaintiff) brought this action to obtain a judgment in the District of Columbia on the Maryland judgment. At the time of instituting the present action plaintiff caused a writ of attachment before judgment to issue and seized funds of defendant on deposit in a bank in an amount sufficient to satisfy the judgment. Defendant filed an answer admitting the existence of the Maryland judgment but counterclaimed for a sum well in excess of the amount of the judgment. At time of filing

its answer and counterclaim defendant also moved to quash the attachment. Plaintiff opposed the motion to quash, moved to dismiss the counterclaim and sought summary judgment on his claim. The trial court denied the motion to quash, granted summary judgment for plaintiff, dismissed the counterclaim with leave to amend, and entered judgment of condemnation against the credits of defendant in the hands of the bank.

This appeal presents two basic questions. One concerns the validity of the attachment before judgment. The other relates to the propriety of entering summary judgment in favor of plaintiff on his complaint prior to disposition of defendant's counterclaim.

Our statute,[1] so far as pertinent here, provides for the issuance of an attachment before judgment in an action for recovery of a debt upon the filing of an affidavit showing the grounds of the claim and setting forth that plaintiff has a just right to recover what is claimed and stating the amount of the debt, and also stating that the defendant is a foreign corporation. In the instant case the complaint alleged the recovery of the Maryland judgment, stated its amount and alleged it had not been paid or satisfied. In a verification to the complaint plaintiff averred that the complaint stated a true accurate statement of the amount due, exclusive of all set-offs and just grounds of defense; but there was no averment that defendant is a foreign corporation, although in the caption to the complaint the defendant was described as a Maryland corporation.

After the motion to quash had been filed plaintiff filed an affidavit stating the nature of his claim and stating that defendant is a foreign corporation. Plaintiff claims this affidavit cured any defects in the original affidavit. We do not agree. The affidavit is the basis for issuing the attachment and this basis cannot be supplied after the attachment has already been issued. However, in view of the fact that the defendant was described in the caption of the complaint as a Maryland corporation, it is our view that the verification of the complaint was not so fatally defective as to require quashing of the attachment; but we do not approve this type of procedure. It is a simple matter to file an affidavit which fully meets the requirements of the statute, and this should be done.

The question of the propriety of summary judgment for plaintiff on the complaint prior to disposition of defendant's counterclaim has met with different answers. 6 Moore, Federal Practice § 56.17 [15] (2d ed.); 35B C.J.S. Federal Civil Procedure, § 1153. In New York there is a "well-established rule that it is improper to award summary judgment while there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint." Illinois McGraw Electric Co. v. John J. Walters, Inc., 7 N.Y.2d 874, 196 N.Y.S.2d 1003, 1004, 164 N.E.2d 872, 873.[2] In New Jersey the rule appears to be that summary judgment may be granted with execution enjoined until disposition of the counterclaim. Elliott-Lewis Corp. v. Graeff, 11 N.J.Super. 567, 78 A.2d 591.

The practice in the federal courts does not appear to be uniform. In Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 587, 168 A.L.R. 1130, 1136, the court indicated an approval of the rule "that the existence of a counterclaim which presents a real issue prevents the granting of motion for summary judgment." In Omark Industries, Inc. v. Lubanko Tool Company Inc., 2 Cir., 266 F.2d 540, the court af-

1. Code 1961, 16–301.

2. See, however, Nopco Chemical Company v. Milner, 12 A.D.2d 942, 210 N.Y.S.2d 874, holding that where plaintiff's claim was conceded, it was entitled to summary judgment with entry held in abeyance pending determination of the counterclaim.

firmed summary judgment for plaintiff but ordered that execution be stayed upon filing of a bond by defendant to secure payment of the judgment "except as payment may be affected by any judgment against plaintiff on the counterclaims * * *." This procedure was followed in Metro Corrugated Containers Inc. v. Owens-Illinois Glass Co., D.C.E.D.N.Y., 185 F.Supp. 359, where summary judgment was granted defendant on its counterclaim prior to disposition of plaintiff's claim.[3]

 There is considerable logic in the rule which forbids summary judgment to plaintiff while a counterclaim exists, because the counterclaim may diminish or entirely defeat the plaintiff's claim or may even result in a net recovery for the defendant. On the other hand, if defendant concedes the validity of plaintiff's claim or offers no real defense and relies solely on the counterclaim, there is a practical advantage to granting summary judgment for plaintiff and thereby limiting the trial to the issues of the counterclaim. The plaintiff then goes to trial knowing that his claim has been established and his only duty is to defend against the counterclaim. The defendant goes to trial knowing that the claim has been established against him and the burden is upon him to diminish or defeat that claim by proof of his counterclaim. This, in our opinion, is the proper procedure, provided final judgment on plaintiff's claim is not entered until determination of the counterclaim when adjustment of the rights of the parties may be made. In other words, the grant of summary judgment should be interlocutory.

In the instant case the defendant did not contest the legality of the Maryland judgment and the trial court was correct in ordering summary judgment for plaintiff on his claim, but the trial court was in error in giving finality to the summary judgment and awarding execution on it by condemnation of the attached funds. Al-

though the trial court had dismissed the counterclaim, it had given leave to file an amended counterclaim, and consequently the counterclaim had not been determined. Of course we do not pass upon the merits of the counterclaim because that question is not before us.

The judgment awarding summary judgment to plaintiff is modified by ordering that its entry be interlocutory and as so modified is affirmed; the judgment of condemnation is vacated, and the cause is remanded for further proceedings in accordance with this opinion.

---

3. See also, Norris Manufacturing Company v. R. E. Darling Co., 4 Cir., 315 F.2d 633.