Wm. J. Leonard Ins. Agency, Inc., Appellant and Cross-Appellee, *v.* Fuller Motor Delivery, Inc., Appellee· and Cross-Appellant.

[Cite as Leonard Ins. Agency v. Fuller Motor Delivery, 16 Ohio App. 2d 161.]

(No. 10562—Decided October 21, 1968.)

*Messrs. McCaslin, Imbus & McCaslin, Messrs. Foiles & Saeman* and *Mr. Robert J. Imbus, Jr.,* for appellant.

*Messrs. Nichols, Wood, Marx & Ginter* and *Mr. John Paul Curry,* for appellee.

Shannon, J. This comes before us on appeal on questions of law from the Court of Common Pleas of Hamilton County wherein a summary judgment for the defendant upon its cross-petition had been entered. The defendant has filed a cross-appeal.

Originally, plaintiff had filed its petition in the Cincinnati Municipal Court seeking to recover from defendant upon an account stated for insurance premiums. An an-

swer and cross-petition was filed by defendant and, because the amount prayed for in the cross-petition exceeded the monetary jurisdiction of the court, the cause was certified to the Court of Common Pleas.

Defendant stipulated its liability on the account, but alleged that plaintiff was liable on a certain promissory note. The gist of such contention was that plaintiff's predecessor had negotiated a loan and signed a note therefor, that defendant's predecessor was a co-signer of that note and upon default by plaintiff's predecessor had paid the same.

It appears that shortly before September 23, 1960, the date upon which the note was signed, one Robert J. Leonard told Harry Fuller II, then president of Northern Kentucky Asphalt Co., that the insurance agency in which he, Leonard, was a general partner, needed $5,000. Fuller then accompanied Leonard to the bank which made the loan. It is undisputed that the proceeds of the loan transaction found their way into the commercial account of the insurance agency.

A pretrial hearing was held and resulted, among other things, in certain orders. Notable among such are that "if the note was the partenership obligation, stipulations will be filed and a judgment entered upon an agreed statement of facts"; that, "both attorneys will make a search * * * to find the original note * * * and examine the bank records * * * to establish who the primary obligor on the note actually was"; and that, "if the investigation cannot establish the correct identity * * * a trial date will be established and the fact issue determined."

The note was never found, and it is conceded that the court below considered the same to have been lost or destroyed.

Certain affidavits were filed, being those of Fuller, Leonard and one Allgeyer, the loan manager for the bank at the time of the transaction. Substantially, these affidavits are that the loan was "for partnership business" with Leonard adding. "the Agency unequivocally ratified the transaction and accepted the burden thereof as a partnership obligation." However, the deposition of one Rolf,

an officer of the bank, was filed and such discloses that the draft issued by the bank as the result of the loan transaction was payable solely to Robert J. Leonard and that the bank's ledger card, which includes the name of the borrower, carries only the name of Robert J. Leonard.

The court below found as a matter of law that the partnership of which Leonard was a member was liable on the note.

Defendant's cross-appeal is based upon a claim that the court below erred in considering the documentary evidence submitted in connection with the Rolf deposition.

It is clear to us that a genuine issue of fact exists as to the manner in which the note was executed. The trial court was required, perforce, to evaluate evidence before reaching its legal conclusion.

Section 2311.041, Revised Code, provides, in part (paragraph B thereof):

"* * * A summary judgment shall not be rendered unless it appears from the pleadings, depositions * * * affidavits * * * and written stipulations of fact, if any, previously filed in the action, and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; the party against whom the motion for summary judgment is made is entitled to have such pleadings, depositions * * * affidavits * * * and written stipulations of fact construed most strongly in his favor. * * *"

Since it is apparent that rendition of summary judgment in the instant case was improper under the statute, such is reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law. Such determination on our part renders moot the issue raised by defendant's cross-appeal, that is, even without the exhibits, the consideration of which is complained of, there is a genuine issue of fact apparent to us. Therefore, the cross-appeal is dismissed without further consideration of the merits thereof, which disposition is not to be interpreted to prejudice the raising of such issues upon trial.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.