WYNNE, APPELLEE, *v.* MEGIE ET AL., APPELLANTS.

[Cite as Wynne v. Megie (1970), 24 Ohio App. 2d 83.]

(No. 11192—Decided July 13, 1970.)

*Mr. Robert F. Alsfelder* and *Mr. Milton E. Burchett,* for appellee.

*Messrs. Benjamin, Faulkner & Tepe* and *Mr. David P. Faulkner,* for appellant.

SHANNON, P. J.   This is an appeal upon questions of law from an order of the Court of Common Pleas of Hamilton County granting plaintiff-appellee summary judgment.

In his petition plaintiff alleges that on March 18, 1967, a corporation contracted with appellant to purchase her real estate; plaintiff is the assignee of such contract; the contract provides "any assessment on the * * * property is to be paid by the seller"; an assessment in the sum of $8,930.95 had been levied against the property on July 13, 1966 and recorded in the assessment records; the real estate was conveyed by appellant to plaintiff; appellant "refuses to perform said contract by paying said assessment," and plaintiff prays for judgment in the sum of $8,930.95.

A copy of the contract was appended to the petition.

Appellant answered, admitting that she made a contract to sell the real estate, but denying all other allegations in the petition.

Plaintiff moved for summary judgment, filing in support thereof affidavits to support the making and assignment of the contract alleged in his petition, and the affidavit of the village clerk who stated, among other things:

"3. That on July 13, 1966, the council of the village of Montgomery, Ohio, enacted Ordinance No. 13-66, which levied an assessment for sewer purposes along Zig Zag Road;

"4. That on July 13, 1966, pursuant to said ordinance, the sum of $8,930.95 was levied against the property known and numbered as 10002 Zig Zag Road, being designated as fund 5-8602; and

"5. That said assessment was thereupon recorded in Assessment Book M, page 60, of the assessment records of Hamilton County, Ohio."

We must note that although counsel for both parties refer in their briefs and oral arguments to an "affidavit" which counsel for defendant "executed" swearing, in effect, that the purchaser was to pay the assessment in question notwithstanding the contract; that the contract had been "varied by parol agreement," and that the contract referred to a different assessment, such writing was never made a part of the record. Therefore, we cannot consider it in the resolution of the issues before us.

The court rendered summary judgment in the amount of $8,930.95, plus interest and costs.

Clearly, plaintiff was not entitled to summary judgment unless the matter upon which the court based its consideration of the motion showed that there was no genuine issue as to any material fact. R. C. 2311.041(B). *Leonard Ins. Agency* v. *Fuller Motor Delivery,* 16 Ohio App. 2d 161.

However, Section 2311.041(D) provides, in part:

"* * * When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of

his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.''

Consequently, although the general denial alone would not suffice to demonstrate a genuine issue for trial, the question does arise from other sources as to whether the rendition of summary judgment is appropriate in the premises.

The plaintiff seeks judgment, personally, for the full amount of the assessment against the appellant pursuant to an alleged contract. On the strength of the several affidavits, we must assume that an assessment in the sum of $8,930.95 was properly placed of record by the assessing authority. We cannot assume, faced with a silent record, that such figure represents the amount which plaintiff would be entitled to recover if the allegations of his petition are true.

Additionally, the assessment can be paid only to the county treasurer once it has been spread upon the records of the county auditor. R. C. 729.11 provides, in part as follows:

''The assessments levied by such ordinance shall be certified to the county auditor for collection as other taxes in the year or years in which they are payable * * *.''

Plaintiff does not seek reimbursement of a sum which he was compelled to pay to remove a lien upon his real estate. Rather, he seeks judgment for a sum which, assuming proof of essential facts, he may be compelled to pay. It must be borne in mind that the contract upon which plaintiff relies states that any assessment is to be paid by the seller but fails to state to whom payment would be made.

Our examination of the matter considered by the court below leads us to conclude that there was enough before that court that reasonable minds might come to different conclusions, and that the granting of summary judgment was not appropriate.

The judgment of the Court of Common Pleas is reversed and this cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HESS, J., concurs.
HILDEBRANT, J., did not participate.