REINIGER PLUMBING & HEATING, INC., APPELLEE, *v.* GENERAL MOTORS CORP.; MAHON, APPELLANT.

(No. 3594—Decided December 9, 1970.)

*Messrs. Shaman, Winer, Shulman & Ziegler* and *Mr. Richard L. Furry,* for appellee.

*Messrs. Smith & Schnacke* and *Mr. Peter J. Donahue,* for appellant.

CRAWFORD, J.  Defendant R. C. Mahon Company, appeals from a summary judgment entered against it in the principal sum of $72,504.37 plus interest and costs.  This amount is owing to plaintiff, Reiniger Plumbing & Heating, Inc., a sub-contractor, by defendant Mahon, contractor, with respect to construction on Plant No. 2 of defendant General Motors Corporation.

Defendant Mahon admits the obligation, but complains that in the same action it has pending and undisposed a counterclaim against plaintiff for $136,000.  It claims this sum as damages arising out of a violation by plaintiff of its agreement to perform according to its bid on another project, at Plant No. 3 of General Motors Corporation, on which Mahon is also contractor.  This claim was alleged in the amended cross-petition.  Plaintiff answered, denying such claim.

Upon this state of the case, defendant Mahon says that

there is a genuine issue as to a material fact which should prevent the entering of a default judgment against it. R. C. 2311.041.

Plaintiff contends that this counterclaim does not pertain to or affect its cause of action, is not connected therewith, and that defendant filed a prior action for what it asserts here as its counterclaim. Mahon filed a motion, as yet undisposed of, to consolidate its prior action with this one.

It argues that inasmuch as its claim against plaintiff is of a type included in R. C. 2309.16 by the phrase "or arising out of contract," it is a proper subject of counterclaim, and is appropriately alleged by way of cross-petition.

Inasmuch as the cross-petition is pending and undisposed of, questions as to the merit and method of its presentation are not before us. But because it is pending, defendant argues that there is in the case a genuine issue as to a material fact preventing a summary judgment. It cites in support of its position the case of *Slick Airways, Inc.,* v. *Reinert* (1961), 114 Ohio App. 124.

In that case a carrier sued a shipper for freight charges. The shipper answered admitting the account, and crosspetitioned for damages to the shipment caused by the carrier's negligence. The carrier answered denying negligence. The court held that there was a genuine issue as to a material fact, namely, the carrier's alleged negligence so that a summary judgment was improper.

Plaintiff, appellee herein, attempts to distinguish that case because the claims of the respective parties arose out of the same transaction. However, the statute permitting counterclaim is not thus limited. Yet even if it were, we are not now passing upon the counterclaim, as observed above. We merely recognize its existence and the genuine issue as to a material fact which is raised by it and by plaintiff's answer thereto.

The *Slick Airways* case was cited in 8 A. L. R. 3d 1372. The principal case there reported, on page 1355, is *Graham* v. *Fell* (D. C. Cir. 1963), 192 A. 2d 129.

In the *Graham* case, the plaintiff brought an action upon a foreign judgment. The defendant set up counter-

claims sounding in tort for unliquidated damages. The court held: "[a] final judgment on plaintiff's claim is not entered until determination of the counterclaim when adjustment of the rights of the parties may be made. In other words, the granting of summary judgment should be interlocutory."

The court commented, as have we: "Of course we do not pass upon the merits of the counterclaim because that question is not before us."

The court concluded: "The judgment awarding summary judgment to plaintiff is modified by ordering that its entry be interlocutory and as so modified is affirmed * * *."

The term "summary judgment" in R. C. 2311.041 does not necessarily mean a final judgment. For example, the last sentence in paragraph (B) of that section reads:

"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Of similar import is paragraph (C) of the same section, which reads:

"If on motion under this section summary judgment is not rendered *upon the whole case or for all the relief asked and a trial is necessary*, the court * * * shall if practicable ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Emphasis added.)

It is our opinion that in this case the court properly found plaintiff entitled to a summary judgment upon its cause of action, but that inasmuch as this does not dispose of the whole case, the summary judgment which has been entered in general terms should be suspended pending the determination of the remaining issues in the case.

To proceed otherwise would circumvent the purposes

28

of counterclaims which are to avoid a multiplicity of actions, and, in some cases, to protect a solvent defendant against an insolvent plaintiff.

A further question is argued as to whether, under the mechanic's lien law, the defendant contractor, Mahon, has any standing to effect the discharge of a mechanic's lien taken by plaintiff against the property of General Motors corporation, by furnishing a bond for that purpose. As was recognized in defendant's brief, the court has made no formal decision or order on this question. That is to say, there has been no final appealable order of that issue, and it is not now before us.

The summary judgment appealed from will be suspended pending determination of the entire case in the trial court.

The judgment, as so modified, will be affirmed.

*Judgment accordingly.*

KERNS, P. J., and SHERER, J., concur.