LYONS AUTOMATIC MACHINERY CO., APPELLEE, *v.* B-W ACCEPTANCE CORP., APPELLANT.

(No. 11343—Decided February 8, 1971.)

*Mr. James G. Andrews, Jr.,* for appellee.
*Mr. Joseph C. Kammer,* for appellant.

SHANNON, P. J. This is an appeal upon questions of law from an order of the Court of Common Pleas for Hamilton County granting a summary judgment in part.

Plaintiff, appellee herein, filed suit against defendant, appellant herein, alleging that plaintiff was, in 1962 and prior thereto, a distributor of Norge laundry equipment and that defendant was a subsidiary of Norge and in the business of purchasing commercial paper which might be issued incident to sales of merchandise.

It was further claimed that plaintiff and defendant entered into an agreement relative to the purchase by defendant of such paper from plaintiff which established certain "reserve accounts." The purpose of such reserves was to indemnify defendant if it should become necessary for plaintiff to repurchase any paper in the event of default by an obligor.

When plaintiff ceased to operate as a Norge distributor, it is claimed that defendant, without notice, "maliciously and wantonly" debited three reserve accounts so as to have the effect of "wiping out" those accounts. Plaintiff prayed for a judgment in the sum of $23,531.48 plus interest, and exemplary damages in the sum of $20,000.

Defendant's answer, essentially, admits the existence of the business relationship between the parties and that debits were made to the specified reserve accounts, but denies that any debits were in disregard of the terms of their agreement or were malicous or wanton in any respect.

Both parties, ultimately, moved for summary judgment and such motions were heard upon interrogatories and answers thereto, demands and answers thereto for the production of written instruments, a deposition, affidavits and other items.

The court found that genuine issues of fact existed with respect to the matters broached in defendant's motion and as to two of the three items in plaintiff's motion. However, the finding that there was no genuine issue of fact as to one item in the amount of $2,528.30 and the award of judgment for that sum, plus interest, is the order from which this appeal springs.

The granting of judgment as a matter of law where there is a genuine issue as to any material fact violates R. C. 2311.041, and is clearly erroneous. *Leonard Ins. Agency v. Fuller Motor Delivery*, 16 Ohio App. 2d 161; *Martin v. Cushman Motor Delivery Co.*, decided by this court June 29, 1970, 25 Ohio App. 2d 97; *Wynne v. Megie*, 24 Ohio App. 2d 83; *Slick Airways, Inc., v. Reinert*, 114 Ohio App. 124.

In the case at bar, the court below treated plaintiff's claim as being severable, specifically reserving for trial all issues other than those related to one reserve account, whereas the petition asserts but one cause of action.

Our examination of all matter considered below in determining the motion for summary judgment leads us to conclude that inasmuch as judgment has not been rendered upon the whole case and a trial is necessary, the form in which judgment was granted is inappropriate and the result premature. For an analysis of a similar problem and a construction of R. C. 2311.041 (B) and (C), see *Reiniger Plumbing & Heating v. G. M. Corp.; Mahon* (1970), 25 Ohio App. 2d 25.

Because the summary judgment was rendered when genuine issues of fact exist common to the case as a whole and to the single item ruled upon, such judgment will be suspended pending a determination of all of the issues; that is, the entire case upon trial.

This cause, with the judgment so modified, is remanded for further proceedings according to law.

*Judgment stayed and cause remanded.*

HESS, J., concurs.