■ BETHLEHEM STEEL CORPORATION, Appellant-Respondent, v SHELDON H. SOLOW, Individually and Doing Business as SOLOVIEFF REALTY Co. and as SOLOW BUILDING COMPANY, et al., Respondents-Appellants.—Motion for resettlement granted, the order of this court entered on June 28, 1979 [70 AD2d 850] and the memorandum decision filed therewith recalled, and the following memorandum decision substituted therefor: Order, Supreme Court, New York County, entered January 9, 1979, granting partial summary judgment to plaintiff and staying entry of judgment pending trial of

the remaining claims and counterclaims, is modified, on the law and in the exercise of discretion, to the extent that partial summary judgment is granted in favor of plaintiff against Sheldon H. Solow, individually and doing business as Solovieff Realty Co., and doing business as Solow Building Company, St. Paul Fire & Marine Insurance Company and Solow Development Corporation, in the reduced sum of $597,767.64, with interest from October 25, 1971, and judgment may be entered thereon forthwith, and the remainder of the action severed for trial on the issues raised by the balance of plaintiff's claims and by the counterclaims, without prejudice to a further motion by plaintiff on proper papers for further summary judgment, and the order is otherwise affirmed, without costs, but the expense of reproduction of the record on appeal shall be borne one half by plaintiff and one half by defendants. The prior proceeding between the parties under section 38 of the Lien Law *(Solow v Bethlehem Steel Corp.,* 60 AD2d 826) does not constitute collateral estoppel in the present case. A proceeding under section 38 of the Lien Law, essentially to obtain information in the nature of a bill of particulars, presents sufficiently different issues and is so tangential that we do not think that incidental determinations or observations in the course of that proceeding should constitute a determination that defendants do or do not owe plaintiff over a million dollars. There is no direct affidavit by a person having knowledge of the facts in support of plaintiff's motion as required by CPLR 3212 (subd [b]). Nevertheless, it appears quite plain in light of the supporting exhibits that (except for the sum of $26,531.71 as to which summary judgment was not sought or granted) there is no real dispute that plaintiff did the work it claims, which, if properly done, would entitle it to judgment, after credits for payments, in the amount granted by Special Term, i.e., $1,097,767.64, with interest. "Normally what is not disputed is deemed to be conceded." *(People v Gruden,* 42 NY2d 214, 216; *People v Ciaccio,* 47 NY2d 431.) The purported disputes all relate to the subject matter of the four counterclaims. These counterclaims are asserted on behalf of the individual defendant Sheldon H. Solow. It is true that Mr. Solow was not the contracting party with Bethlehem Steel and this raises serious questions as to his right to recover on the counterclaims. But summary judgment is not to be granted on the basis of technical defects in the pleadings. *(Irving Fin. Corp. v Wegener,* 30 AD2d 958, 959.) If the facts underlying the counterclaims exist, they may be considered in opposition to summary judgment. As the action is to foreclose on a mechanic's lien on property owned by Mr. Solow, he has a right to show, at least as a defense, that plaintiff is not entitled to the recovery it seeks, even though that recovery is sought under a contract with a third person, obviously associated with Mr. Solow. However, "The mere assertion of a counterclaim, unsupported by proof that it is meritorious, does not bar relief to a plaintiff who is otherwise entitled to summary judgment * * * In order to defeat plaintiff's motion, it was necessary for the defendant to assemble and reveal his proof in support of the alleged counterclaim". *(M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, 874, affd 17 NY2d 909; *Two Clinton Sq. Corp. v Gorin Stores,* 51 AD2d 643, 645.) Defendants have failed to meet this obligation. They have failed to assemble and reveal their proof in support of their counterclaims. Instead there are only conclusory statements and reiterations of the allegations in the answer. Furthermore, at least as to the first three counterclaims, they are sufficiently separable from plaintiff's claims so that they should not be permitted to defeat plaintiff's present entitlement to partial summary judgment. *(Dalminter, Inc. v Dalmine, S. p. A.,* 29 AD2d 852, affd 23 NY2d 653; *Pease & Elliman v 926 Park Ave.*

*Corp.,* 23 AD2d 361, affd 17 NY2d 890.) "On the other hand the proof submitted by plaintiff was insufficient to establish that the counterclaim was without merit. Under the circumstances, plaintiff was entitled to judgment as demanded in its complaint, but was not entitled to a dismissal of the counterclaim." *(Nopco Chem. Co. v Milner,* 12 AD2d 942.) With respect to the fourth counterclaim, the situation is somewhat different. That counterclaim rests on essentially a claim that plaintiff did not properly perform the work sued on. If it is to be asserted, it is so intertwined with plaintiff's claim that plaintiff's claim should not be decided separately from the defensive matter underlying the counterclaim. It is true that the defendants' allegations in support of this counterclaim are conclusory and defective. But as we have indicated, plaintiff's supporting papers are not wholly satisfactory. Plaintiff relies largely on admissions by an employee of defendants, named Geller, in the course of his deposition. In that same deposition, Mr. Geller obviously excepted from his concession the claim of improper performance which is the subject matter of the fourth counterclaim. If for the purposes of summary judgment plaintiff is entitled to rely on Mr. Geller's concession, then we think that reliance can go no further than the concession. Accordingly, we think that plaintiff is not entitled to summary judgment insofar as the subject matter of the fourth counterclaim is involved. But the total amount claimed on that fourth counterclaim is $500,000. Subtracting that $500,000 from the judgment granted at Special Term, leaves plaintiff still entitled to partial summary judgment for $597,767.64, with interest, which we grant. As to this amount there is no reason to withhold the entry or enforcement of judgment. We think that the result here directed—partial summary judgment for $597,767.64, without stay of entry or enforcement of judgment—more nearly accords with the realities of the situation and the interests of justice than the technically available alternative of denying the motion *in toto* with leave to renew. Defendants' motion to submit a supplemental record is denied. Plaintiff's cross application to submit a further supplemental record if defendants' motion is granted is therefore also denied as moot. Concur—Sandler, Silverman and Yesawich, JJ.

Murphy, P. J., and Lane, J., dissent in a memorandum by Lane, J., as follows: We would reverse and deny summary judgment *in toto.* A motion for summary judgment must be supported by an affidavit "by a person having knowledge of the facts" (CPLR 3212, subd [b]). That is conspicuously absent in this case. We see no reason why in a claim for this large sum of money there could not be an affidavit by a responsible officer or employee of Bethlehem Steel Corporation stating that according to their records so much work was done, involving so many tons of steel at such-and-such a price, resulting in an over-all liability of so many dollars against which so much had been received, leaving a balance of so much owed. Instead there is an affidavit by an attorney with many exhibits attached, and convoluted arguments based on alleged admissions in defendants' surprisingly inartistic pleadings or equivocal admissions made in depositions by persons without knowledge of the facts. The insufficiency and conclusory nature of defendants' affidavits and proof do not make up for this defect in plaintiff's proof. Resettled order signed and filed.

(November 29, 1979)

■ WILLIAM CHILDRESS et al., Plaintiffs, and ED EPSTEIN et al., Appel- ·