MEMORANDUM DECISION
Pursuant to App.R. 26(A), appellants Walter A. Thomas, M.D. et al., have requested that this court reconsider and clarify its decision of September 16, 1999. On that date, this court affirmed in part and reversed in part the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellees. Thomas v. Shaevitz
(Sept. 16, 1999), Franklin App. No. 98AP-1370, unreported (1999 Opinions 3564). In their motion, appellants contend that their claim for "first rights payments" is still viable under the terms of the limited partnership agreement as modified. Appellants contend this court overlooked the issue of a claim for those payments after it decided that there had been a modification. We disagree.
The test generally applied upon a filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Matthews v. Matthews (1981), 5 Ohio App.3d 140.
Here, appellants argue that they still have a claim for modified first rights payments because there is evidence in the record that, at times, the project had sufficient cash from which to distribute first rights payments. Appellants, however, failed to raise this argument on appeal. As a general rule, an appellate court will not consider questions of error neither argued nor addressed in an assignment of error. App.R. 12(A). Appellants offered no argument in their brief addressed to this issue and, for that reason, the argument was not addressed. See Durbin v.Ohio State Highway Patrol (1992), 83 Ohio App.3d 693, 699. Instead, appellants argued that a genuine issue of material fact existed concerning the modification to the first rights payments agreement. However, appellants did not argue under either assignment of error one or assignment of error three that they were entitled to first rights payments under the contract as modified. Accordingly, appellants have waived this argument.[1]
Appellants further argue that assignments of error three and four should have been sustained in whole, rather than in part. Appellants contend that, because they had demonstrated the existence of a genuine issue of material fact as to whether appellees overcharged for management and maintenance of the project, and because we found a genuine issue of material fact as to whether appellee sold the partnership asset to a related entity for less than its fair market, summary judgment should have been reversed with respect to all breach of contract and breach of fiduciary duty claims. Again, we disagree.
It is only where summary judgment is rendered in one part of a case and a genuine issue of material fact exists which is common to the case as a whole that summary judgment should be reversed concerning the remaining claims. See Lyons Automatic MachineryCo. v. B-W Acceptance Corp. (1971), 26 Ohio App.2d 226, 228. Such is not the case here. As discussed in our opinion, appellants failed to establish a genuine issue of material fact with respect to their claims concerning first rights payments and appellees' involvement in the embezzlement. Consequently, these claims do not survive appellees' motion for summary judgment.
Based on the foregoing, appellants' motion for reconsideration is denied.
Appellees have filed a motion for leave to file their own motion for reconsideration, instanter. App.R. 14(B) provides in pertinent part that:
 * * * Enlargement of time to file an application to reconsider pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances.
Appellees have failed to demonstrate the existence of extraordinary circumstances and, accordingly, their motion for leave to file their motion for reconsideration, instanter, is denied.
Appellants' motion for reconsideration denied;
Appellees' motion for leave to file motion for reconsideration,instanter, is denied.
PETREE and BROWN, JJ., concur.
[1] Appellants mentioned in their statements of facts at page 8 that there was evidence the project was profitable. However, mentioning such a fact in the statements of facts is not equivalent to arguing the issue on appeal.