Order, Supreme Court, New York County (Debra A. James, J.), entered July 12, 2011, which, insofar as appealed from as limited by the briefs, granted plaintiffs motion for a protective order striking defendants’ second request for production of documents and interrogatories 1 to 28 in defendants’ second set of interrogatories, and denied defendants’ cross motion to compel plaintiff to respond to the above discovery requests, unanimously affirmed, with costs, with leave to defendants to serve a proper request for production of documents. Order, same court and Justice, entered May 21, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiffs motion for summary judgment on the issue of liability under defendant Michael A. Lacher’s guaranty, unanimously affirmed, with costs.
We defer to the trial court’s determination regarding disclosure (see e.g. Don Buchwald & Assoc. v Marber-Rich, 305 AD2d 338 [1st Dept 2003]), especially because plaintiff argued that many of defendants’ second discovery requests were duplicative of their first discovery requests and that the court had resolved issues arising from the first discovery requests at a January 2009 conference, of which there is no transcript in the appendix. Although some of defendants’ second discovery requests may have been relevant and non-duplicative, the motion court appropriately vacated the requests in their entirety (Editel, N.Y. v Liberty Studios, 162 AD2d 345, 346 [1st Dept 1990]; Dykowsky v New York City Tr. Auth., 124 AD2d 465 [1st Dept 1986]). The *579 court indicated that it would have allowed a second set of document requests restricted to documents that defendants had specifically requested during depositions. Therefore, we grant defendants leave to serve a proper request for production of documents.
Plaintiffs motion for summary judgment as to liability under Lacher’s guaranty was supported not only by affidavits from a witness whose name plaintiff had not previously disclosed but also by numerous exhibits (compare Williams v ATA Hous. Corp., 19 AD3d 406 [2d Dept 2005], and Concetto v Pedalino, 308 AD2d 470 [2d Dept 2003], with Bethlehem Steel Corp. v Solow, 70 AD2d 850 [1st Dept 1979], appeal dismissed 48 NY2d 754 [1979]). We also note that the court has given defendants an opportunity to depose the previously undisclosed witness.
Defendants’ argument that plaintiff failed to prove the debt underlying the guaranty is unavailing (see e.g. Reliance Constr. Ltd. v Kennelly, 70 AD3d 418 [1st Dept 2010], lv dismissed 15 NY3d 848 [2010]; Sterling Natl. Bank v Biaggi, 47 AD3d 436 [1st Dept 2008]). It is undisputed that defendant Law Office of Michael A. Lacher, LLP, doing business as Lacher & LovellTaylor (LLT) has paid no rent from June 2006 onward, although it occupied the premises through October 31, 2006. To be sure, LLT has arguments as to why it should not have to pay rent. However, the lease states that rent is payable on the first day of the month and that “[t]he minimum rent and additional rent shall be payable by [LLT] without any set-off, abatement or deduction whatsoever.” Hence, at least the minimum and additional rent was “due under the Lease,” as the guaranty requires. Furthermore, the guaranty states that it “shall not be . . . affected by . . . any defense available to Guarantor” and it is an unconditional guaranty (cf. Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 10 [1st Dept 2006], affd 8 NY3d 59 [2006]). Contrary to defendants’ contention, a guarantor’s liability may exceed the scope of the principal’s liability (Raven El. Corp. v Finkelstein, 223 AD2d 378 [1st Dept 1996], lv dismissed 88 NY2d 1016 [1996]). Concur — Gonzalez, BJ., Sweeny, Renwick, Manzanet-Daniels and Román, JJ.